No. 85,584

STATE OF KANSAS, *Appellee*, v. LEON M. MCCLENNON, JR.,
*Appellant*.

(45 P.3d 848)

Opinion filed April 26, 2002.

*Virginia A. Girard-Brady*, of Lawrence, argued the cause and was on the briefs for appellant.

*Richard A. Olmstead,* assistant district attorney, argued the cause, and *Nola Foulston,* district attorney, and *Carla J. Stovall,* attorney general, were with him on the briefs for appellee.

The opinion of the court was delivered by

SIX, J.: Leon M. McClennon, Jr., was convicted of 11 counts of rape, among a number of other crimes. McClennon sought reversal of the upward durational departure sentence imposed on the Count IV rape conviction. The Court of Appeals vacated the upward departure sentence on Count IV and remanded for resentencing, relying on *State v. Gould,* 271 Kan. 394, 23 P.3d 801 (2001). See *State v. McClennon,* unpublished Case No. 85,584 (filed August 31, 2001).

We granted the State's petition for review under K.S.A. 20-3018(b) to address the validity of McClennon's upward durational departure sentence. Our inquiry is this: whether imposition of an upward durational departure sentence, under K.S.A. 2001 Supp. 21-4716, based on a court finding by a preponderance of the evidence that McClennon's current crime was one of extreme sexual violence and that McClennon is a predatory sex offender, violates McClennon's constitutional rights. The answer is "yes."

We affirm the Court of Appeals. The sentence for the Count IV rape conviction is vacated, and we remand for resentencing within the presumptive range applicable to a 1-B crime. See K.S.A. 1996 Supp. 21-4704.

## FACTS

On May 25, 2000, McClennon was convicted by a jury of 11 counts of rape, K.S.A. 2001 Supp. 21-3502(A)(1)(A); 5 counts of aggravated burglary, K.S.A. 21-3716; 3 counts of aggravated criminal sodomy, K.S.A. 21-3506(a)(3)(A); 4 counts of kidnapping, K.S.A. 21-3420; 3 counts of robbery, K.S.A. 21-3426; 2 counts of aggravated sexual battery, K.S.A. 21-3518; and 1 count of aggravated battery, K.S.A. 21-3414(a)(1)(A). He was sentenced on June 29, 2000. The district court selected the Count IV rape as the primary crime. The presumptive sentencing range for the Count IV rape was 772-732-692 months. The district court departed upward by doubling the maximum presumptive sentence from 772

654

months to 1,544 months. The district court imposed presumptive sentences on each of the other counts, then ran all 29 sentences consecutively. The strictures of the "double-double" rule, K.S.A. 2001 Supp. 21-4720(b)(4), limited the controlling sentence to 3,088 months, or 257 1/3 years.

McClennon appealed, challenging the sufficiency of the evidence supporting his convictions and his upward durational departure sentence on Count IV. His other 28 sentences, amounting to 2,722 months (more than 226 years) before the application of the 'double-double' rule, were not at issue. The Court of Appeals affirmed McClennon's convictions but vacated the sentence imposed for the primary crime of rape and remanded for resentencing only as to that offense.

## DISCUSSION

The district court here based its upward durational departure on four factors: (1) McClennon's current crime of conviction was a crime of extreme sexual violence and he was a predatory sex offender; (2) McClennon's activity showed repeated sexual assaults against citizens of his community; (3) he was a danger to the community; and (4) he was a serial rapist who could not be rehabilitated.

The State acknowledges that under *Gould*, the district court's second, third, and fourth nonstatutory findings cannot be used to support the upward durational departure. The State insists, however, that the first factor may be used to support an upward durational departure sentence. According to the State, application of the first factor is limited to certain statutorily defined crimes where the defendant has at least one prior conviction for the same type of offense. The State posits that the nature of the findings here do not offend the principles set forth in *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000), as applied by us in *Gould*.

The *Apprendi* Court held: "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490.

In *Gould,* an upward durational departure case, we addressed the application of *Apprendi* to what is now K.S.A. 2001 Supp. 21-4716. The K.S.A. 2001 Supp. 21-4716 scheme for imposing upward durational departures is keyed to judicial findings based on a preponderance of the evidence. Thus, we held that the scheme violates the due process and jury trial rights contained in the Sixth and Fourteenth Amendments to the United States Constitution. 271 Kan. at 414.

In *Gould,* the district court imposed an upward durational departure sentence based in part upon its finding of additional facts under K.S.A. 2001 Supp. 21-4716(b)(2). The State distinguishes the finding here on the basis that whether the current crime of conviction is one of extreme sexual violence does not involve an additional fact beyond those found by the jury. The State adds that to the extent McClennon's status as a predatory sex offender involves an additional fact, it is one based on recidivism, which is specifically excepted from the requirements of *Apprendi.*

K.S.A. 2001 Supp. 21-4716(a) says that the sentencing judge shall impose the presumptive sentence provided by the sentencing guidelines "unless the judge finds substantial and compelling reasons to impose a departure." Subsection (b)(2) provides that, "[s]ubject to the provisions of subsection (b)(3)," the court may consider a number of factors in determining whether substantial and compelling reasons exist to support a departure. The factor relied upon by the district court here, K.S.A. 2001 Supp. 21-4716(b)(2)(F), states in pertinent part:

"(F) The defendant's current crime of conviction is a crime of extreme sexual violence and the defendant is a predatory sex offender. As used in this subsection:

(i) 'Crime of extreme sexual violence' is a felony limited to the following:

(a) A crime involving a nonconsensual act of sexual intercourse or sodomy with any person.

. . . .

(ii) 'Predatory sex offender' is an offender who has been convicted of a crime of extreme sexual violence as the current crime of conviction and who:

(a) Has one or more prior convictions of any crimes of extreme sexual violence. Any prior conviction used to establish the defendant as a predatory sex offender pursuant to this subsection shall also be counted in determining the criminal history category."

First, the State points out that there is no additional fact finding involved in determining whether McClennon's current crime of conviction was one of extreme sexual violence. Rape is statutorily defined as "[s]exual intercourse with a person who does not consent to the sexual intercourse." K.S.A. 2001 Supp. 21-3502(a)(1). A crime of extreme sexual violence is "[a] crime involving a nonconsensual act of sexual intercourse or sodomy with any person." K.S.A. 2001 Supp. 21-4716(b)(2)(F)(i)(a). By statutory definition, one who commits rape commits a crime of extreme sexual violence. See *State v. Gideon*, 257 Kan. 591, 625, 894 P.2d 850 (1995).

Second, the State explains that a predatory sex offender is statutorily defined as "an offender who has been convicted of a crime of extreme sexual violence as the current crime of conviction and who . . . [h]as one or more prior convictions of any crimes of extreme sexual violence." K.S.A. 2001 Supp. 21-4716(b)(2)(F)(ii)(a). McClennon does not dispute the existence of such a prior conviction or convictions in his case. According to the State, McClennon's status as a predatory sex offender implicates only the number and nature of his prior convictions, and prior convictions were specifically excluded from the demands of *Apprendi*.

The State's argument, however, does not take into consideration the requirements of K.S.A. 2001 Supp. 21-4716(b)(3):

"If a factual aspect of a crime is a statutory element of the crime or is used to subclassify the crime on the crime severity scale, that aspect of the current crime of conviction may be used as an aggravating or mitigating factor *only if the criminal conduct constituting that aspect of the current crime of conviction is significantly different from the usual criminal conduct captured by the aspect of the crime.*" (Emphasis added.)

Under (b)(3), in order for the sentencing court to use a factual aspect of the crime that is also a statutory element of the crime as an aggravating factor, the criminal conduct constituting that aspect of the crime must be "significantly different" from the usual criminal conduct captured by the aspect of the crime.

Sexual intercourse and the absence of consent are elements of the crime of rape. Under K.S.A. 2001 Supp. 21-4716(b)(3), the district court may not use the fact of nonconsensual sexual intercourse to establish a "crime of extreme sexual violence" unless the

nonconsensual sexual intercourse is "significantly different" than the usual criminal conduct involved in such an act. The district court made no such finding here. Even if it had, or if one were implied, it remains for the court to determine whether the nonconsensual sexual intercourse involved was "significantly different" from the usual crime of rape. This conclusion is one to be drawn, under K.S.A. 2001 Supp. 21-4716, without the benefit of a jury verdict beyond a reasonable doubt. As we said in *Gould,* this procedure " 'is an unacceptable departure from the jury tradition that is an indispensable part of our criminal justice system.' " 271 Kan. at 413 (quoting *Apprendi,* 530 U.S. at 497).

*Gould* held the scheme for imposing upward departures embodied in K.S.A. 2001 Supp. 21-4716 unconstitutional on its face. The district court's upward departure decision here, based on K.S.A. 2001 Supp. 21-4716(b)(2)(F), is a product of that scheme and cannot stand. We see no reason to depart from the dictates of *Gould.*

Finally, the State attempts to salvage the upward durational departure sentence imposed here by comparing it to a sentence imposed under K.S.A. 2001 Supp. 21-4704(j). K.S.A. 2001 Supp. 21-4704(j) requires imposition of double the maximum presumptive term for a "persistent sex offender." We have not considered the propriety of a sentence imposed under K.S.A. 2001 Supp. 21-4704(j) in light of *Apprendi* and *Gould,* and we are not presented with the issue on the facts before us. A comparison of the two statutes is not helpful to the State's cause and will not be undertaken here.

The decision of the Court of Appeals to vacate McClennon's upward durational departure sentence on Count IV and remand for resentencing within the presumptive range is affirmed.