(54 P.3d 514)
No. 87,417

STATE OF KANSAS, *Appellee*, v. CHALMERS G. SPINDEN, a/k/a CHALMERS G. SPINDER, *Appellant*.

Opinion filed September 6, 2002. 

*Korey A. Kaul*, assistant appellate defender, and *Steven R. Zinn*, deputy appellate defender, for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Nola Foulston*, district attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before GREEN, P.J., WAHL, S.J., and JOHN J. BUKATY, District Judge, assigned.

GREEN, J.: Chalmers G. Spinden appeals his sentences imposed under the persistent sex offender statute, K.S.A. 21-4704(j). On appeal, Spinden argues that the trial court violated his constitutional rights when it doubled the maximum sentences in accordance with the persistent sex offender statute. Spinden claims that the persistent sex offender statute is unconstitutional because it creates a departure scheme whereby facts not found by a jury are used to exceed the statutory maximum sentence. We affirm.

Spinden pled guilty to single counts of criminal sodomy and indecent liberties with a child. The presentence investigation report indicated that Spinden had previously been convicted of attempted aggravated indecent solicitation of a child. Because his current and prior convictions were for sexually violent crimes, Spinden was found to be a persistent sex offender under K.S.A. 2001 Supp. 21-4704(j). Spinden disagreed with the determination that he is a persistent sex offender and argued that any enhancement of his sentences on that ground would violate the limitations set forth in

*Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000), and *State v. Gould*, 271 Kan. 394, 23 P.3d 801 (2001).

The trial court found that the persistent sex offender statute did not violate *Apprendi* as it is a statutory enhancement and does not involve a factual issue to be decided at the court's discretion. Accordingly, the trial court sentenced Spinden as a persistent sex offender. The trial court doubled the high numbers in the appropriate grid boxes and sentenced Spinden to 122 months for the sodomy conviction and 68 months for the conviction of indecent liberties with a child, with the sentences to be served concurrently.

The sole issue on appeal is whether K.S.A. 2001 Supp. 21-4704(j), the statute requiring imposition of double the maximum presumptive term for a persistent sex offender, violates *Apprendi* and *Gould*. Interpretation of a statute is a question of law, and this court's review is unlimited. An appellate court is not bound by the trial court's interpretation of a statute. *State v. Sisk*, 266 Kan. 41, 43, 966 P.2d 671 (1998).

In *Apprendi*, the United States Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. In *Gould*, our Supreme Court addressed the application of *Apprendi* to what is now K.S.A. 2001 Supp. 21-4716 and held that the scheme for imposing upward durational departures is unconstitutional because it is keyed to judicial findings based on a preponderance of the evidence. 271 Kan. at 413.

The prior conviction exception in *Apprendi* was derived from the holding in *Almendarez-Torres v. United States*, 523 U.S. 224, 140 L. Ed. 2d 350, 119 S. Ct. 1219 (1998). There, the Court concluded that the fact of a prior conviction is a sentencing factor and not an element of the crime. As such, the prior conviction need not be presented in the indictment and proven to a jury in order to be used by the court to increase the sentence imposed. 523 U.S. at 226-27. The prior conviction exception was recognized by our Supreme Court in *State v. Ivory*, 273 Kan. 44, 41 P.3d 781 (2002).

We must determine whether the persistent sex offender statute violates *Apprendi* and *Gould*. The statute provides in pertinent part as follows:

"The sentence for any persistent sex offender whose current convicted crime carries a presumptive term of imprisonment shall be double the maximum duration of the presumptive imprisonment term. The sentence for any persistent sex offender whose current conviction carries a presumptive nonprison term shall be presumed imprisonment and shall be double the maximum duration of the presumptive imprisonment term." K.S.A. 2001 Supp. 21-4704(j).

The statute defines a "persistent sex offender" in pertinent part as

"a person who: (1) Has been convicted in this state of a sexually violent crime, as defined in K.S.A. 22-3717 and amendments thereto; and (2) at the time of the conviction under subsection (1) has at least one conviction for a sexually violent crime, as defined in K.S.A. 22-3717 and amendments thereto . . . ." K.S.A. 2001 Supp. 21-4704(j)

K.S.A. 2001 Supp. 22-3717(d)(2) provides that sexually violent crimes include rape, indecent liberties with a child, aggravated indecent liberties with a child, criminal sodomy, aggravated criminal sodomy, indecent solicitation of a child, aggravated indecent solicitation of a child, sexual exploitation of a child, and aggravated sexual battery. Any attempt, conspiracy, or criminal solicitation of these crimes also constitutes a sexually violent crime. K.S.A. 2001 Supp. 22-3717(d)(2)(K).

Here, Spinden was sentenced as a persistent sex offender in accordance with K.S.A. 2001 Supp. 21-4704(j) based on his current crimes of conviction, criminal sodomy and indecent liberties, and his prior conviction of attempted aggravated indecent solicitation. Spinden's prior conviction of attempted aggravated indecent solicitation is a sexually violent crime as referenced by the persistent sex offender statute. As such, the enhancement of Spinden's sentences based on his prior conviction was proper because it falls under the prior conviction exception set out in *Almendarez-Torres*.

However, Spinden's sentences were enhanced not only because of his prior conviction, but also because his current crimes of conviction were sexually violent crimes. K.S.A. 2001 Supp. 21-

4716(b)(3) addresses enhancement of a sentence based on the current crime of conviction and provides:

"If a factual aspect of a crime is a statutory element of the crime or is used to subclassify the crime on the crime severity scale, that aspect of the current crime of conviction may be used as an aggravating or mitigating factor only if the criminal conduct constituting that aspect of the current crime of conviction is significantly different from the usual criminal conduct captured by the aspect of the crime."

Because enhancement under the persistent sex offender statute is based in part on the current crime of conviction, K.S.A. 2001 Supp. 21-4716(b)(3) may affect the sentence issued to a persistent sex offender.

Although application of K.S.A. 2001 Supp. 21-4716(b)(3) to the persistent sex offender statute has not been addressed by the Kansas appellate courts, the impact of the statute on the predatory sex offender statute, K.S.A. 2001 Supp. 21-4716(b)(2)(F), was addressed in *State v. McClennon*, 273 Kan. 652, 45 P.3d 848 (2002). The predatory sex offender statute provides that the trial court may issue a departure sentence if "[t]he defendant's current crime of conviction is a crime of extreme sexual violence and the defendant is a predatory sex offender." The statute defines "predatory sex offender" in pertinent part as "an offender who has been convicted of a crime of extreme sexual violence as the current crime of conviction and who . . . [h]as one or more prior convictions of any crimes of extreme sexual violence." K.S.A. 2001 Supp. 21-4716(B)(2)(F)(ii)(a). In addition, the statute defines a "crime of extreme sexual violence" as including a felony "involving a nonconsensual act of sexual intercourse or sodomy with any person." K.S.A. 2001 Supp. 21-4716(b)(2)(F)(i)(a).

*McClennon* held that the upward departure sentence under K.S.A. 2001 Supp. 21-4716(b)(2)(F) for the defendant's current conviction of rape was unconstitutional. The court rationalized as follows:

"Under K.S.A. 2001 Supp. 21-4716(b)(3), the district court may not use the fact of nonconsensual sexual intercourse to establish a 'crime of extreme sexual violence' unless the nonconsensual sexual intercourse is 'significantly different' than the usual conduct involved in such an act. The district court made no such finding here. Even if it had, or if one were implied, it remains for the court to determine

whether the nonconsensual sexual intercourse involved was 'significantly different' from the usual crime of rape. This conclusion is one to be drawn, under K.S.A. 2001 Supp. 21-4716, without the benefit of a jury verdict beyond a reasonable doubt." 273 Kan. at 656-57.

Accordingly, the *McClennon* court found that the trial court's departure sentence issued under the predatory sex offender statute violated *Apprendi* because the factual aspect of nonconsensual sexual intercourse of the defendant's current crime of rape was a statutory element of that crime that was improperly used as an aggravating factor. Use of the statutory element of nonconsensual sexual intercourse as an aggravating factor was improper because a jury did not determine that the criminal conduct constituting that aspect of the crime was significantly different from the usual conduct captured by the aspect of the crime.

The *McClennon* court refused to speculate as to whether an enhanced sentence issued under the persistent sex offender statute is analogous to a sentence issued under the predatory sex offender statute. In refusing to address the argument, the court stated that "[w]e have not considered the propriety of a sentence imposed under K.S.A. 2001 Supp. 21-4704(j) in light of *Apprendi* and *Gould*, and we are not presented with the issue on the facts before us. A comparison of the two statutes is not helpful to the State's cause and will not be undertaken here." 273 Kan. at 657. In the present case, however, comparison of the statutes is helpful in determining that the persistent sex offender statute does not violate *Apprendi* and *Gould*.

The predatory sex offender statute and the persistent sex offender statute are dissimilar in the way they define the offenses that subject a defendant to the statutes. For example, the predatory sex offender statute requires that the defendant's current crime of conviction be one of "extreme sexual violence." However, the statute does not list the specific offenses that are of extreme sexual violence. Instead, the statute defines "crime of extreme sexual violence" as

"a felony limited to the following:

"(a) A crime involving a nonconsensual act of sexual intercourse or sodomy with any person;

"(b) a crime involving an act of sexual intercourse, sodomy or lewd fondling and touching with any child who is 14 or more years of age but less than 16 years of age and with whom a relationship has been established or promoted for the primary purpose of victimization; or

"(c) a crime involving an act of sexual intercourse, sodomy or lewd fondling and touching with any child who is less than 14 years of age." K.S.A. 2001 Supp. 21-4716(b)(2)(F)(i).

By using statutory elements to define which crimes are of extreme sexual violence, the legislature used factual aspects of crimes to enhance sentences, which under *McClennon* must be determined by a jury.

Unlike the predatory sex offender statute, the persistent sex offender statute does not use statutory elements to define the offenses that subject a defendant to the statute. Instead, the persistent sex offender statute references a list of criminal offenses that the legislature has deemed to be sexually violent crimes. For example, instead of saying "a crime involving an act of sexual intercourse," as stated in the predatory sex offender statute, the persistent sex offender statute states "[r]ape, K.S.A. 21-3502, and amendments thereto." K.S.A. 2001 Supp. 22-3717(d)(2)(A). Because the persistent sex offender statute does not use statutory elements or factual aspects of the current crime to enhance a sentence, K.S.A. 2001 Supp. 21-4716(b)(3) is not applicable and, as such, no factual aspect of the current crime must be found by a jury to be significantly different from the usual conduct captured by the aspect of the crime.

The Kansas Legislature has determined that sentencing is based on two controlling factors—the defendant's criminal history and the crime severity level of the current offense. In addition to determining the crime severity level of each offense, the legislature has also determined that certain offenses are sexually violent crimes. As such, the statutory maximum sentence for a persistent sex offender is double the high number in the appropriate grid box.

The enhancement of Spinden's sentences under the persistent sex offender statute was not a product of the scheme embodied in K.S.A. 2001 Supp. 21-4716, which the *Gould* court found to be

unconstitutional on its face. Spinden's enhanced sentences as a persistent sex offender were based on his prior offense and his current crimes of conviction for sexually violent crimes. Use of his prior conviction to enhance his sentences were proper under *Almendarez-Torres*. In addition, use of the current crimes of conviction to sentence Spinden as a persistent sex offender does not violate K.S.A. 2001 Supp. 21-4716(b)(3). As a result, we find that Spinden's sentences under the persistent sex offender statute did not violate *Apprendi* and *Gould*.

Affirmed.