(890 P.2d 374)

No. 71,413

STATE OF KANSAS, *Appellee*, v. JOHN BOWEN, *Appellant*.

Opinion filed February 24, 1995.

*Debra J. Wilson*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, for the appellant.

No appearance for the appellee.

Before PIERRON, P.J., ROYSE, J., and NELSON E. TOBUREN, District Judge, assigned.

PIERRON, J.: The issue before us is whether this case should be remanded to determine if the Department of Corrections (DOC) erred in calculating the defendant's conversion sentence. We believe it should.

The defendant received two consecutive sentences for two convictions of burglary. The DOC issued a sentencing guidelines report determining his sentence should be converted to a determinate sentence of 54 months. The defendant objected pro se, discussing "good time" and asking the court to recalculate the sentence. At a hearing where the defendant was not present but was represented by counsel, his counsel argued the sentences should run concurrently, not consecutively. The court denied modification of sentence at the hearing.

On appeal the defendant argues for the first time that the DOC incorrectly added two consecutive sentences of 27 months to reach the sentence recommendation instead of determining a

base sentence of 27 months and adding a nonbase sentence of 12 months as required by K.S.A. 1993 Supp. 21-4720. The defendant asks that the case be remanded and the trial court directed to convert his sentence in accordance with 21-4720 to a sentence of 39 months.

We believe we can address this issue. K.S.A. 22-3504 provides:

"(1) The court may correct an illegal sentence *at any time.* The defendant shall receive full credit for time spent in custody under the sentence prior to correction. The defendant shall have a right to a hearing, after reasonable notice to be fixed by the court, to be personally present and to have the assistance of counsel in any proceeding for the correction of an illegal sentence." (Emphasis added.)

In *State v. Thomas*, 239 Kan. 457, Syl. ¶ 4, 720 P.2d 1059 (1986), the Supreme Court said:

"An 'illegal sentence' is either a sentence imposed by a court without jurisdiction; *a sentence which does not conform to the statutory provisions, either in the character or the term of the punishment authorized;* or a sentence which is ambiguous with respect to the time and manner in which it is to be served." (Emphasis added.)

The error in computation is the result of the DOC's considering the defendant's criminal history on both sentences when converting his consecutive indeterminate sentences to consecutive guidelines sentences.

K.S.A. 1993 Supp. 21-4720 provides in part:

"(b) The sentencing judge shall have discretion to impose concurrent or consecutive sentences in multiple conviction cases. In cases where consecutive sentences may be imposed by the judge, the following shall apply:

. . . .

(2) The sentencing judge must establish a base sentence for the primary crime. The primary crime is the crime with the highest crime severity ranking. . . . If more than one crime of conviction is classified in the same crime category, the sentencing judge must designate which crime will serve as the primary crime.

. . .

(3) The base sentence is set using the total criminal history score assigned.

(4) The total sentence assigned for a current conviction event cannot exceed twice the base sentence. . . .

(5) Nonbase sentences will not have criminal history scores applied, as calculated in the criminal history I column of the grid, but base sentences will have the full criminal history score assigned."

From the record as it is now before us, the DOC should have determined a base sentence and a nonbase sentence. The defendant's two offenses were of the same offense severity, level 7. His criminal history, one person and three nonperson felonies, was category C; therefore, on his primary offense he would receive a sentence of 27 months. See K.S.A. 1993 Supp. 21-4704. For his second offense he would receive 12 months, as it would be considered the nonbase sentence. The DOC used his criminal history twice and arrived at a sentence of 54 months by doubling the primary or base sentence. The defendant's converted sentence should be 39 months, reflecting a base sentence of 27 months and a consecutive nonbase sentence of 12 months.

The State, by letter, does not object that this issue is raised for the first time on appeal and agrees the case should be remanded for determination of the appropriate prison sentence.

We therefore vacate the sentence and remand to the trial court for a determination of an appropriate guidelines sentence.

Sentence vacated and case remanded for resentencing.