(934 P.2d 157)

No. 76,454

STATE OF KANSAS, *Appellee*, v. WALTER A. REED, SR., *Appellant*.

Opinion filed March 14, 1997.

*Thomas Jacquinot*, special appellate defender, and *Jessica R. Kunen*, chief appellate defender, for appellant.

*David Lowden*, assistant district attorney, *Nola Foulston*, district attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before GREEN, P.J., GERNON and ROYSE, JJ.

GERNON, J.: Walter A. Reed, Sr., contends on appeal that the sentences imposed on him are illegal under the Kansas Sentencing Guidelines Act (KSGA).

Reed was convicted of two felony and three misdemeanor counts of contributing to a child's misconduct or deprivation. Reed was originally sentenced to consecutive terms of 1 to 5 years' imprisonment for each felony count and 1 year for each misdemeanor count, for a controlling term of 5 to 13 years.

Reed subsequently filed a motion to convert his pre-guidelines sentence to a guidelines sentence. After hearings, the court sentenced Reed to 11 months' imprisonment on each felony count,

the maximum sentence within the presumptive range for the 8-G nondrug grid block. The court also sentenced Reed to the maximum term of 1 year for each of the misdemeanor convictions. The court ordered all of the sentences to run consecutive to one another, resulting in a controlling term of 58 months.

K.S.A. 22-3504(1) provides that an illegal sentence may be challenged at any time. Whether a criminal sentence is illegal is a question of law. Accordingly, this court has unlimited review. See *State v. Tolliver*, 22 Kan. App. 2d 374, 375-76, 916 P.2d 725 (1996).

When imposing consecutive sentences in multiple conviction cases, the court is required to impose a base sentence for the primary crime, using the total criminal history score, and then impose a nonbase sentence, using the criminal history I column of the sentencing grid. See *State v. Riley*, 259 Kan. 774, 778-79, 915 P.2d 774 (1996); *State v. Bowen*, 20 Kan. App. 2d 576, 577, 890 P.2d 374 (1995).

The conversion provisions of the KSGA are mandatory. *State v. Gonzales*, 255 Kan. 243, 250, 874 P.2d 612 (1994). In *Bowen*, we held that a judge's failure to follow K.S.A. 1993 Supp. 21-4720 when converting a multiple conviction case created an illegal sentence. 20 Kan. App. 2d at 578.

The State concedes that Reed's felony sentences are illegal. Under K.S.A. 1993 Supp. 21-4720(b), only one felony conviction may have a full criminal history score applied. The other felony convictions should have a criminal history score of I. Therefore, this matter must be remanded for the trial court to determine a base sentence and a nonbase sentence.

The next issue is whether 21-4720(b)(4) applies to misdemeanor cases. K.S.A. 1993 Supp. 21-4720(b)(4), which was in effect when Reed was originally sentenced, states in pertinent part that "[t]he total sentence assigned for a current conviction event cannot exceed twice the base sentence." This subsection was amended by the legislature in 1994, and that version states:

"The total *prison* sentence imposed in a case involving multiple convictions arising from multiple counts within an information, complaint or indictment cannot exceed twice the base sentence. This limit shall apply only to the total sentence, and it shall not be necessary to reduce the duration of any of the nonbase

sentences imposed to be served consecutively to the base sentence." (Emphasis added.) K.S.A. 1994 Supp. 21-4720(b)(4).

Determining which version applies to Reed's offenses hinges on whether the 1994 amendment should apply prospectively or retrospectively, which in turn hinges on whether the amended language prejudicially affects the substantive rights of the parties. See *State v. Sylva*, 248 Kan. 118, 119, 804 P.2d 967 (1991). However, since we conclude that misdemeanor convictions are not included within either version of 21-4720(b)(4), we decline to reach the issue of whether K.S.A. 1994 Supp. 21-4720(b)(4) applies prospectively or retrospectively.

In interpreting a statute, we must give effect to its plain and unambiguous language, without determining what, in our view, the law should be. Under K.S.A. 1993 Supp. 21-4703(c), a "conviction event" is defined as "one or more *felony* convictions occurring on the same day and within a single court." (Emphasis added.) See *State v. Fields*, 22 Kan. App. 2d 148, 149, 912 P.2d 774 (1996). Clearly, misdemeanor convictions are not included in the definition of a conviction event. Moreover, as defined by K.S.A. 21-4703(r), "prison" means a facility operated by the Kansas Department of Corrections. Since sentences for misdemeanor convictions are served in county jails, those type of sentences cannot meet the definition of prison sentences under the KSGA.

Whether the language used in the 1993 and 1994 versions of 21-4720(b)(4) was the product of deliberation or oversight is of little importance to us. The result is that misdemeanor convictions are not covered under either the 1993 or 1994 version of K.S.A. 21-4720(b)(4). Consequently, a defendant may be sentenced to consecutive terms for any multiple misdemeanor convictions, in addition to the sentence imposed under 21-4720(b)(4) for any multiple felony convictions.

The sentences imposed for Reed's misdemeanor convictions are affirmed. The sentences imposed for Reed's felony convictions are vacated, and the case is remanded for the district court to determine Reed's base and nonbase sentences.

Affirmed in part, reversed in part, and remanded for resentencing.