No. 79,145

STATE OF KANSAS, *Appellant*, v. JOHNNY C. SISK, *Appellee.*
(966 P.2d 671)

Opinion filed October 30, 1998.

*Steven J. Obermeier*, assistant district attorney, argued the cause, and *Paul J. Morrison*, district attorney, and *Carla J. Stovall*, attorney general, were with him on the brief for appellant.

*James Brent Getty*, assistant appellate defender, argued the cause, and *Jessica R. Kunen*, chief appellate defender, was with him on the brief for appellee.

The opinion of the court was delivered by

ABBOTT, J.: This is an appeal by the State from the trial court's order converting defendant Johnny C. Sisk's 10-year-to-life sentence for second-degree murder to 36 months under the sentencing guidelines.

The State raises a number of issues. We believe the case can be decided on the sole issue of whether defendant's sentence for a felony DUI was a prison sentence as contemplated by K.S.A. 1993 Supp. 22-3717(f). Defendant's situation fell within the small window (9 months) during which K.S.A. 1993 Supp. 22-3717(f) existed. That statute provided:

"(f) If an inmate is sentenced to prison for a crime committed after July 1, 1993, while on parole or conditional release for a crime committed prior to July 1, 1993, the old sentence shall be converted into a determinate sentence and will run consecutive to the new sentence as follows:

"(1) Twelve months for class C, D or E felonies or the conditional release date whichever is shorter;

"(2) 36 months for class A or B felonies or the conditional release date whichever is shorter."

The statute became effective July 1, 1993, but the legislature amended it in 1994. The amendment deleted all the language in K.S.A. 1993 Supp. 22-3717(f), effective March 24, 1994. The amendment would not allow defendant's sentence to be converted. The statute in effect when the trial court converted his 10-year-to-life sentence to 36 months would seem to mandate a sentence conversion.

Defendant was sentenced June 3, 1979, and at some unknown time was paroled from prison. (We note that as of October 4, 1994, defendant had served 15 years, 4 months, and 11 days on his sentence.) While on parole in November 1993, he was charged with felony DUI because he had two or more prior DUI convictions. By March 12, 1994, his parole had been revoked, and he had been returned to prison. He filed an application in the pending felony DUI case under the Uniform Mandatory Disposition of Detainers Act, requesting that the pending felony DUI be dismissed or that he be tried.

In July 1994, defendant entered a plea of guilty to felony DUI, was sentenced to 92 days in the county jail, and given credit for time served. The record before us does not reveal whether all or part of the 92 days served was in the county jail or the state prison system.

On January 15, 1997, some 2½ years later, defendant filed a motion to correct an illegal sentence, arguing that the trial court was required by K.S.A. 1993 Supp. 22-3717(f) to convert his indeterminate sentence of 10 years to life to a term of 36 months.

The trial court then converted his sentence to 36 months pursuant to the sentencing guidelines. This appeal by the State followed.

Courts have jurisdiction to correct an illegal sentence at any time. K.S.A. 22-3504; *State v. Vanwey*, 262 Kan. 524, 527, 941 P.2d 365 (1997); *State v. Ruff*, 252 Kan. 625, 628, 847 P.2d 1258 (1993). The issue of whether a criminal sentence is illegal is a question of law. *State v. Reed*, 23 Kan. App. 2d 661, Syl. ¶ 1, 934 P.2d 157, *rev. denied* 262 Kan. 968 (1997). "Interpretation of a statute is a question of law. An appellate court's review of a question of law is unlimited." *State v. Robinson*, 261 Kan. 865, Syl. ¶ 1, 934 P.2d 38 (1997). Further, the district court's conclusions regarding a question of law are not binding on this court. *Bankes v. Simmons*, 265 Kan. 341, 349, 963 P.2d 412 (1998).

In *Carmichael v. State*, 255 Kan. 10, 16, 872 P.2d 240 (1994), the court stated:

" 'We have defined an " 'illegal sentence' [as] either a sentence imposed by a court without jurisdiction; a sentence which does not conform to the statutory provision, either in the character or the term of the punishment authorized; or a sentence which is ambiguous with respect to the time and manner in which it is to be served." ' " (Quoting *State v. Scherzer*, 254 Kan. 926, Syl. ¶ 1, 869 P.2d 729 [1994].)

Further standards of appellate review applicable to this case are:

"When a statute is plain and unambiguous, the appellate courts will not speculate as to the legislative intent behind it and will not read such a statute so as to add something not readily found in the statute. [Citation omitted.]" *State v. Lawson*, 261 Kan. 964, 966, 933 P.2d 684 (1997).

"The legislature is presumed to intend that a statute be given a reasonable construction, so as to avoid unreasonable or absurd results." *State v. Le*, 260 Kan. 845, Syl. ¶ 4, 926 P.2d 638 (1996).

"The general rule is that a criminal statute must be strictly construed in favor of the accused. The rule of strict construction, however, is subordinate to the rule that judicial interpretation must be reasonable and sensible to effect legislative design and intent. Under the fundamental rule of statutory construction, the intent

of the legislature governs when that intent can be ascertained from the statute." *State v. Taylor*, 262 Kan. 471, Syl. ¶ 5, 939 P.2d 904 (1997).

Criminal statutes and penalties in effect at the time of a criminal offense are controlling. *State v. Mayberry*, 248 Kan. 369, Syl. ¶ 15, 807 P.2d 86 (1991). The State contends that defendant does not fall within the purviews of K.S.A. 1993 Supp. 22-3717(f) because he was sentenced to county jail time rather than to *prison* for the felony DUI, and K.S.A. 1993 Supp. 22-3717(f) does not apply unless a defendant receives a prison term. The State correctly notes the statute is clear on its face that "[i]f an inmate is sentenced to *prison* for a crime committed after July 1, 1993, while on parole or conditional release for a crime committed prior to July 1, 1993, the old sentence shall be converted . . . . " (Emphasis added.) K.S.A. 1993 Supp. 22-3717(f).

The journal entry covering the sentencing states: "The defendant be sentenced to the custody of the (~~Secretary of Corrections~~) (County Jail) to serve a sentence of . . . 92 days (~~Sec. of Corr.~~) (County Jail)."

A "prison" is defined in K.S.A. 1993 Supp. 21-4703(s) as a "facility operated by the Kansas department of corrections." The State reasons that since the county jail is not under the control of the Kansas Department of Corrections, defendant was not sentenced to prison and consequently does not meet the requirements for the application of K.S.A. 1993 Supp. 22-3717(f). Therefore, he was not eligible for conversion of his second-degree murder conviction.

Black's Law Dictionary 1194 (6th ed. 1990), defines "prison" in pertinent part:

"A state or federal correctional institution for incarceration of felony offenders for terms of one year or more. The words 'prison' and 'penitentiary' are used synonymously to designate instructions for the imprisonment of persons convicted of the more serious crimes, as distinguished from reformatories and county or city jails."

The legislative intent clearly expressed in adopting K.S.A. 1993 Supp. 22-3717(f) was that the trial court should convert a sentence pursuant to the sentencing guidelines when a person on parole

"was sentenced to prison." Here, defendant was sentenced to the county jail, not to prison.

We hold that defendant's sentence to the county jail for felony DUI did not trigger K.S.A. 1993 Supp. 22-3717(f), and the trial court erred in converting defendant's sentence to 36 months. The trial court's order doing so is reversed and the 10-year-to-life sentence is reinstated.

Reversed.