**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 9 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ALFRED G. JONES,

  Petitioner-Appellant,

v.

ROBERT HANNIGAN; ATTORNEY
GENERAL OF KANSAS; KANSAS
PAROLE BOARD,

  Respondents-Appellees.

No. 00-3099

(D.C. No. 99-CV-3040-DES)
(D.Kan.)

**ORDER AND JUDGMENT**   *

Before **SEYMOUR** , **EBEL** and **BRISCOE,** Circuit Judges.

  After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.   See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

  Petitioner Alfred Jones, a state prisoner appearing pro se, seeks a

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

certificate of appealability to appeal the district court's denial of his 28 U.S.C. § 2254 petition for writ of habeas corpus. After a review of Jones' claims, we conclude they are properly brought under 28 U.S.C. § 2241. We deny the request for a certificate of appealability and dismiss the appeal.

I.

Jones was convicted in 1967 of two counts of murder in the first degree, aggravated assault, aggravated robbery, unlawful possession of firearms, and willfully obstructing a ministerial officer in the discharge of an official duty, and was sentenced to life imprisonment. He was placed on parole on April 24, 1990. On April 23, 1993, his parole was revoked based on Jones committing new crimes and his violation of parole conditions. He was again placed on parole on May 13, 1993, but it was revoked on September 27, 1995, after he was convicted of burglary and theft and found in violation of parole conditions. Jones was denied parole on August 21, 1997, and was passed for parole consideration until September 2000, because of the "serious nature & circumstances of crime; history of crim. acts; 3 times in prison; failure on parole." Record, Doc. 7, att. 7. His request for reconsideration was denied. Jones' action for habeas relief in state court was dismissed for failure to state a claim. The Kansas Court of Appeals affirmed the district court's action and the Kansas Supreme Court denied review.

In his § 2254 habeas petition, Jones argued that (1) application of Kan.

Stat. Ann. § 22-3717(f) (1993 Supp.), that was in effect at the time he violated parole in 1995, violated the ex post facto clause because he was denied the benefit of application of the earlier version of the statute; (2) he was denied due process because the reasons stated for parole denial in August 1997 related to why he was being passed for parole to 2000 and not why he was being denied parole; and (3) the Kansas Supreme Court violated his due process rights by denying review of the Kansas Court of Appeals decision.

II.

Although Jones invoked § 2254 and the district court discussed the petition as arising under § 2254, challenges to parole procedures concern the execution of a petitioner's sentence and therefore must be brought under 28 U.S.C. § 2241. See United States v. Furman , 112 F.3d 435, 438 (10th Cir. 1997). Accordingly, the petition will be treated as if it were filed under § 2241.

Jones contends that, notwithstanding its repeal, Kan. Stat. Ann. § 22-3717(f) (1993 Supp.) should have been applied during his parole hearing, entitling him to have his sentence "converted to a KGSA sentence and to receive credit for time served toward the converted sentence." State v. Perez , 11 P. 3d 52, 53 (Kan. 2000). In an attempt to avoid the rule that "[c]riminal statutes and penalties in effect at the time of a criminal offense are controlling," State v. Sisk , 966 P.2d 671, 674 (Kan. 1998), Jones argues the legislature violated the ex post

3

facto clause when it altered § 22-3717(f) in 1994.

"'To fall within the ex post facto prohibition, a law must be retrospective – that is, it must apply to events occurring before its enactment – and it must disadvantage the offender affected by it, by altering the definition of criminal conduct or increasing the punishment for the crime.'" Smith v. Scott, 223 F.3d 1191, 1194 (10th Cir. 2000) (quoting Lynce v. Mathis, 519 U.S. 433, 441 (1997)). Here, the law in effect when Jones violated his parole was applied to him. As a result, the ex post facto clause is not implicated..

Jones next contends he was denied due process because the reasons stated for denial of parole in August 1997 related to why he was being passed for parole to 2000 and not why he was being denied parole. Even assuming, arguendo, that the reasons given only concerned the reason he was passed for parole, "[u]nless there is a liberty interest in parole, the procedures followed in making the parole determination are not required to comport with standards of fundamental fairness." O'Kelley v. Snow, 53 F.3d 319, 321 (11th Cir. 1995). "[T]he Kansas parole statute does not give rise to a liberty interest when the matter before the Board is the granting or denial of parole to one in custody. Parole, like probation, is a matter of grace in this state. It is granted as a privilege and not as a matter of fundamental right." Gilmore v. Kansas Parole Board, 756 P. 2d 410, 415 (Kan. 1988). As a result, Jones cannot show the violation of a constitutional

4

right.

Jones also contends the Kansas Supreme Court violated his due process rights by denying his appeal from the Kansas Court of Appeals. In effect, he argues he is entitled to a written decision explaining the court's resolution of his appeal, citing Kansas Supreme Court Rule 8.03(e)(1). The Kansas Supreme Court did consider Jones' appeal and denied it. The rule does not require more than a summary resolution.

Jones has not made "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and his request for a certificate of appealability is DENIED. The appeal is DISMISSED. The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge