(87 P.3d 328)

No. 90,016

STATE OF KANSAS, *Appellee*, v. THOMAS B. HONTON, *Appellant*.

Opinion filed March 26, 2004.

*Sandra Carr*, assistant appellate defender, for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Nola Foulston*, district attorney, and *Phill Kline*, attorney general, for appellee.

Before PIERRON, P.J., HILL and MCANANY, JJ.

HILL, J.: Thomas Honton appeals the district court's denial of his motion to correct an illegal sentence. Honton contends that he should have been sentenced for his securities fraud violation under the lesser 1989 penalty for his crime instead of the more harsh 1990 penalty. Because his misappropriation of funds took place in January 1991, the 1990 penalty applies, and we affirm the district court's denial of Honton's motion.

## HISTORY OF THIS MOTION

Honton was convicted in January 1996 of one count of securities fraud in violation of K.S.A. 17-1253 (Ensley 1988) (penalty section K.S.A. 1991 Supp. 17-1267). He received an indeterminate sentence of 3 to 10 years for the Class D felony as well as 2 years' probation and was ordered to pay restitution. Honton's conviction was affirmed by this court in *State v. Honton,* No. 77,317, unpublished opinion filed May 1, 1998. His probation was extended in January 1999. Probation was revoked in November 2001 when the district court ordered Honton to serve his 3- to 10-year sentence.

Honton filed a pro se motion to correct an illegal sentence in July 2002, arguing that he had been improperly sentenced to an indeterminate 3- to 10-year sentence under K.S.A. 1991 Supp. 17-1267 when he should have been sentenced under K.S.A. 17-1267 (Ensley 1988) that provided for a maximum sentence of 3 years. Honton also argued that the district court erred when it extended his probation in 1999 because he was not present for the hearing. The district court denied Honton's motion and ruled that Honton was not eligible for sentence conversion from an indeterminate sentence to a determinate sentence. Honton appeals this order, contending his is an illegal sentence, and asks us to remand his case for resentencing. He also argues that his probation could not have exceeded 3 years (matching the maximum 1989 sentence), and, therefore, the district court could not have extended his probation past 1999.

## CASE BACKGROUND

Lee and Dorothy Hansen initially retained Honton as their C.P.A. in a tax dispute with the Internal Revenue Service. Lee Hansen testified during Honton's trial that he later wired $58,000 to Honton in 1989 in accordance with a tax shelter and investment plan they had discussed. The Hansens thought that Honton was going to invest the money in mutual funds. Without the knowledge or consent of the Hansens, Honton spent the money in January 1991 on a worthless Colorado water rights investment and some personal business expenses. The Hansens tried to contact Honton

for 2 years. His fraud was not discovered until 1993, after Lee Hansen filed a complaint about Honton with the Kansas Securities Commissioner.

## POINTS OF LAW

An illegal sentence is defined

" ' " '[as] either a sentence imposed by a court without jurisdiction; a sentence which does not conform to the statutory provision, either in the character or the term of the punishment authorized; or a sentence which is ambiguous with respect to the time and manner in which it is to be served.' " ' [Citations omitted]." *State v. Sisk,* 266 Kan. 41, 43, 966 P.2d 671 (1998).

An illegal sentence may be corrected at any time under K.S.A. 22-3504(1). The issue of whether a criminal sentence is illegal is a question of law, *State v. Reed,* 23 Kan. App. 2d 661, Syl. ¶ 1, 934 P.2d 157, *rev. denied* 262 Kan. 968 (1997), and an appellate court's review of a question of law is unlimited. *State v. Robinson,* 261 Kan. 865, Syl. ¶ 1, 934 P.2d 38 (1997).

## APPELLANT'S CONTENTIONS

Honton contends that because of the way he was charged, the manner in which his jury was instructed, and the fact that his jury rendered a general verdict that did not specify the date of his offense, he should have been sentenced under the 1989 penalty for his crime and not the more harsh 1990 penalty. The complaint filed against Honton alleged that he committed securities fraud "on or about the 12th day of April, 1989 . . . through and including on or around the month of August, 1993."

The elements instruction given to his jury provided:

"In this case, the defendant, Thomas B. Honton, is charged with the crime Unlawful Acts in Connection with The Offer, Sale or Purchase of Securities. The defendant's plea to this charge is not guilty.

"To prove this charge, the State must prove the following:

"1. That the defendant was involved directly or indirectly in the offer or sale of a security to or for Lee and/or Dorothy Hansen;

"2. That the defendant

(A) Engaged in an act, practice or course of business which operated as a fraud or deceit upon Lee and/or Dorothy Hansen, or

(B) Omitted to state a material fact necessary in order to make the statements which were made, in light of the circumstances under which they were made, not misleading, to-wit:

(1) that money of the Hansens had been misappropriated in January, 1991, and that the misappropriated money had been used for the defendant's personal benefit.

(2) that the Hansen's money was lost in the Colorado water investment.

"3. That one or more of these acts and/or omissions occurred between the 12th day of April, 1989, and the month of August, 1993, in Sedgwick County, Kansas."

## ANALYSIS

Between April 1989 and August 1993, there were three possible sentences for violating the securities fraud statute. First, K.S.A. 17-1267 (Ensley 1988) stated the maximum sentence available was not more than 3 years. Then in 1990, that statute was amended and the crime was reclassified as a class D felony with a possible minimum sentence of 1 to 3 years' confinement and maximum of 5 to 10 years. See K.S.A. 1991 Supp. 17-1267. After that, on July 1, 1993, with the advent of sentencing guidelines, the crime was described as a level 6, nonperson felony. See K.S.A. 1993 Supp. 17-1267.

Honton does not argue in this appeal that his sentence should have been converted from an indeterminate to a determinate sentence under the sentencing guidelines. Instead, he argues that because the jury did not specify when his crime took place and since the State alleged a range of dates, he should have been sentenced to the lesser of the two available sentences and cites *State v. Mullins*, 267 Kan. 84, 977 P.2d 931 (1999), as support.

The *Mullins* court vacated Mullins' 15 years to life indeterminate sentence and ordered that a lesser determinate sentence be imposed because the evidence at his trial showed that the acts constituting the offense occurred after July 1, 1993, which was the effective date of the Kansas Sentencing Guidelines Act. The complaint charged Mullins with aggravated criminal sodomy against his son from sometime in December 1992 until January 1995. The jury instructions listed the same time span for the crimes.

Like *Mullins*, Honton's charges were just as broad, but the facts introduced at his trial indicated Honton removed the money for

his own use in January 1991. Honton was sentenced in accordance with the statute that was amended in 1990 and in effect in 1991 when he converted the money. This fact distinguishes this case from *Mullins* because Mullins was sentenced under a statute not in effect when his criminal acts took place. Just as the *Mullins* court looked beyond the jury verdict, so do we.

While the State alleged a course of fraudulent conduct on the part of Honton with a scheme to defraud "[o]nce the fraudulent act is . . . done, the crime is complete." See *State v. Micheaux*, 242 Kan. 192, Syl. ¶ 5, 747 P.2d 784 (1987) (holding that welfare fraud is complete once the defendant obtained welfare assistance by use of a false statement or other fraudulent device). Honton's crime was completed but undiscovered when he converted the Hansens' money to his own use. Once the money was taken, Honton continued to engage in acts of concealment of the crime. Had his misappropriation been discovered earlier than 1993, he could have been charged earlier. Honton did not receive an illegal sentence. Defendant was properly sentenced under the penalty section in effect when his crime was completed.

Honton raises an issue on appeal about the period of his probation. He contends that his probation could not have exceeded 3 years, the maximum sentence possible under the 1989 penalty. Because we are affirming his sentence, we think his probation could have been extended to 10 years. The district court, therefore, did not lose jurisdiction to extend Honton's probation.

Affirmed.