NOT DESIGNATED FOR PUBLICATION

No. 117,943

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TIMOTHY ALLEN LOWE JR.,
*Appellant.*


MEMORANDUM OPINION

Appeal from Leavenworth District Court; GUNNAR A. SUNDBY, judge. Opinion filed September 28, 2018. Affirmed.

*Rick Kittel*, of Kansas Appellate Defender Office, for appellant.

*Joan Lowdon*, deputy county attorney, *Todd Thompson*, county attorney, and *Derek Schmidt*, attorney general, for appellee.


Before ATCHESON, P.J., HILL, J., and STUTZMAN, S.J.


PER CURIAM: In this direct appeal, Timothy Lowe Jr. asks this court to order remand of his case to the district court for consideration of a pro se motion he filed after his sentencing and after he had filed his notice of appeal. He also claims his sentence violated the provisions of the revised Kansas Sentencing Guidelines Act (KSGA). We reject both the requested remand and the claim of sentencing error and affirm.

1

FACTS AND PROCEDURAL BACKGROUND

On March 23, 2017, a Leavenworth County District Court jury convicted Lowe of interference with law enforcement—obstruction of legal process, a severity level 9 nonperson felony, and two counts of battery against a law enforcement officer, class A person misdemeanors. On April 19, 2017, the district court sentenced Lowe to 7 months in prison for the obstruction and 12 months in jail for each of the misdemeanors. One misdemeanor sentence was ordered to be served concurrent with his prison sentence and the other to be consecutive to that sentence.

Lowe filed his notice of appeal 12 days later, on May 1, appealing "the conviction and sentence and any other adverse rulings decided against [Lowe] in the District Court, as pronounced on the 19th day of April, 2017." Sixteen days later, on May 17, Lowe filed a pro se motion in the district court "Declining or Terminating Representation or Counsel." Lowe listed five Leavenworth County cases in the caption of his motion. The five cases included case number 16CR315, which is the sole case number on his notice of appeal, thus the only one relevant to our review.

Specific to the case before us, Lowe claimed his counsel was ineffective for providing incorrect information that he took into consideration when deciding on a plea agreement. In particular, Lowe alleged he was told "that if he was convicted of 2016 CR 315 then he would be scored in the G-Box for any convictions that may or may not follow said case." Lowe further claimed his counsel told him it was "illegal for him to receive copies of his discovery." Finally, Lowe alleged "[t]here were paperwork errors when sentenced for 2016 CR 315, which were brought to [counsel's] attention on April 19, 2017. These errors still have not been fixed."

The record shows neither a hearing nor a ruling on Lowe's pro se postsentencing motion.

2

Lowe's first issue does not claim error in any decision made by the district court. Rather, he asks that we order remand with directions to the district court to consider and rule on his pro se motion claiming ineffective assistance of counsel. He also wants the remand to include resentencing, based on his claim that the total term of his sentence violated the requirement of K.S.A. 2017 Supp. 21-6819(b)(4) that "[t]he total prison sentence imposed in a case involving multiple convictions arising from multiple counts within an information, complaint or indictment cannot exceed twice the base sentence."

*Consideration of pro se motion.*

Lowe argues that, notwithstanding the title "Motion Declining or Terminating Representation of Counsel," this court should view his pro se motion as a motion for new trial that makes a claim of ineffective assistance of trial counsel. He points out the motion included claims that trial counsel was ineffective in this case and others not addressed here. Lowe then directs us to authority to consider a mislabeled pro se motion for new trial as a motion for postconviction relief under K.S.A. 2017 Supp. 60-1507.

Although not stated as such, and not requested specifically, Lowe asks us to order, sua sponte, a remand to the district court for a hearing under the procedure described in *State v. Van Cleave*, 239 Kan. 117, 716 P.2d 580 (1986). A look to the description of that procedure, as presented in *Van Cleave*, is instructive for this case:

> "We believe that the procedure we recommended in *State v. Shepherd,* 232 Kan. 614, 657 P.2d 1112 (1983), when there is a claim of newly discovered evidence while the case is pending upon appeal, is equally applicable to a claim of ineffective assistance of counsel which arises after the district court has lost jurisdiction of the case pending appeal. In *Shepherd,* we stated:

"'The statutes do not provide any specific procedure for the handling and determination of a motion to remand a case from the appellate courts. The granting of a motion to remand a case from the appellate courts for the purpose of the trial court hearing a motion for new trial based upon alleged newly discovered evidence or for other trial court proceedings lies within the sound discretion of the appellate court. *The granting of such a motion is not a matter of right which accrues in every case merely by filing a motion seeking remand.* While the statutes are silent on procedural standards, better practice suggests that a defendant seeking to have a case remanded from the appellate courts should set forth with some specificity sufficient details of the evidence to be presented to the trial court in support of the motion for new trial so the appellate court may determine in the first instance whether there are valid grounds to expect that a new trial might be granted by the trial court. The appellate courts cannot be expected to operate in a vacuum and grant every motion to remand a case already on appeal absent a showing that the motion for new trial has merit and is not frivolous or an attempt to delay the appellate process.' [232 Kan. at] 620. (Emphasis added.)" 239 Kan. at 120.

In *Rowland v. State*, 289 Kan. 1076, 219 P.3d 1212 (2009), our Supreme Court commented again that remand for a *Van Cleave* hearing in the district court is not a required procedure. The court reviewed Rowland's ineffective assistance claim, made in a K.S.A. 60-1507 motion. The district court had appointed counsel and held a preliminary hearing on the legal issues in the motion, then rejected the ineffective assistance issue on the basis that an ineffectiveness claim had been heard as part of Rowland's direct appeal. The Supreme Court found no error in this court's denial of Rowland's claim that his trial counsel had made an unauthorized admission of his guilt, because the panel found: "'[e]very allegation concerning trial counsel's admissions of the defendant's guilt is unsubstantiated by the record on appeal.' [*State v. Rowland*, No. 90,128, 2014 WL 1683106, at *2 (Kan. App. 2004) (unpublished opinion)]." 289 Kan. at 1079. Concerning a second ineffectiveness claim, that trial counsel should have requested a voluntary intoxication instruction, however, the court ruled:

"On this portion of Rowland's direct appeal ineffective assistance claim, the Court of Appeals *should have remanded on its own motion for a* Van Cleave *hearing or declined to decide the merits*, until it had been brought first to the district court on a K.S.A. 60-1507 motion. *Either procedure* could have insured that this and any other questions regarding trial counsel's performance were fully explored and disposed of by the district court first, where any necessary evidentiary hearing could be held and trial counsel and Rowland permitted to testify." (Emphases added.) *Rowland*, 289 Kan. at 1085.

Here, Lowe filed his motion well after his notice of appeal and suggests we treat it as a mislabeled pro se motion for new trial, functionally recategorized as a K.S.A. 60-1507 motion. He alleges ineffectiveness in vague terms, alleging his counsel gave him "incorrect information" that he "[took] into consideration" in evaluating plea agreements offered in this case, either including or consisting of information about his criminal history. He further asserts his trial counsel told him "it was illegal for him to [receive] copies of his discovery" and "[t]here were paperwork errors when sentenced" for this case that had not been corrected at the time the motion was filed. We are unable to tell from Lowe's motion whether the conflict of interest Lowe alleges related to this case or others to which the motion related.

To prevail on a claim of ineffective assistance of counsel, a criminal defendant must establish (1) the performance of defense counsel was deficient under the totality of the circumstances, and (2) there is a reasonable probability the jury would have reached a different result absent the deficient performance. *Sola-Morales v. State*, 300 Kan. 875, 882, 335 P.3d 1162 (2014) (relying on *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674, *reh. denied* 467 U.S. 1267 [1984]). Because Lowe fails to specify any role these alleged failures by his counsel played in his convictions and sentences, an argument could be made that we should deny his claims without a hearing in the district court. There may, however, be more to Lowe's claims than he articulated in his pro se motion.

Although Lowe made no request for a *Van Cleave* hearing on his ineffectiveness claims and provided no specificity in support of them, we draw no conclusions about their merits. From that, however, we may make a reasonable inference there are no exigencies weighing heavily in favor of remand rather than consideration of the issues after the direct appeal process is completed. We therefore decline Lowe's request for a remand to the district court. If Lowe's ineffectiveness claims are to be decided, they may first be taken up fully by the district court in a K.S.A. 60-1507 hearing, with no prejudice to his right to be heard. As the court observed in *Rowland*, either a sua sponte remand or a deferral until after the direct appeal allows "any . . . questions regarding trial counsel's performance [to be] fully explored and disposed of by the district court first," with an evidentiary hearing and opportunity for trial counsel and Lowe to testify, if that is deemed appropriate. See 289 Kan. at 1085.

*Lowe's sentence did not violate K.S.A. 2017 Supp. 21-6819(b)(4).*

Lowe next claims the sentence imposed by the district court violated the sentencing limitation in K.S.A. 2017 Supp. 21-6819(b)(4) that directs: "The total prison sentence imposed in a case involving multiple convictions arising from multiple counts within an information, complaint or indictment cannot exceed twice the base sentence." Lowe reasons that because he was sentenced on multiple convictions charged in the same information, his term of incarceration could not be more than twice the seven-month prison base sentence for the felony obstruction charge.

If Lowe is correct, the district court's sentence would constitute an illegal sentence as defined in K.S.A. 2017 Supp. 22-3504(3):

"'Illegal sentence' means a sentence: Imposed by a court without jurisdiction; that does not conform to the applicable statutory provision, either in character or punishment;

6

or that is ambiguous with respect to the time and manner in which it is to be served at the time it is pronounced."

An illegal sentence may be corrected at any time. K.S.A. 2017 Supp. 22-3504(1).

Whether the "total prison sentence" referenced in K.S.A. 2017 Supp. 21-6819(b)(4) applies to misdemeanors is key to Lowe's argument. The concept of a base sentence arises from the KSGA. K.S.A. 2017 Supp. 21-6819(b)(2) directs a district court to "establish a base sentence for the primary crime," which is then defined as "the crime with the highest crime severity ranking." That subsection continues, detailing the basis for a district court to determine the primary crime when multiple sentences are imposed, including sentencings with both off-grid and on-grid sentences, sentencings with more than one crime in the same crime category, and sentencings that include crimes on both the drug and nondrug grids, with or without conflicting presumptions for probation and imprisonment. K.S.A. 2017 Supp. 21-6819 is part of the revised KSGA within the Kansas Criminal Code, K.S.A. 21-5101 et seq.

The revised KSGA applies to felony crimes committed on or after July 1, 1993. K.S.A. 2017 Supp. 21-6802(c). Misdemeanors are classified under K.S.A. 2017 Supp. 21-6602. Lowe's misdemeanor convictions were class A misdemeanors, "the sentence for which shall be a definite term of confinement *in the county jail* which shall be fixed by the court and shall not exceed one year." (Emphasis added.) K.S.A. 2017 Supp. 21-6602(a)(1). As distinct from a county jail, a "prison" is defined as "a facility operated by the Kansas department of corrections." K.S.A. 2017 Supp. 21-6803(r).

In *State v. Huff*, 277 Kan. 195, 83 P.3d 206 (2004), the district court sentenced Huff for two felonies, ordering them to be served concurrently, resulting in a controlling prison term of 16 months. The district court also imposed 12-month jail sentences for each of three misdemeanor offenses, to run consecutive to each other and to the felony

7

sentences. Huff claimed her sentences were illegal because the district court lacked authority to order consecutive sentences for her misdemeanor cases.

On Huff's appeal, this court held the district court did have authority to impose the consecutive misdemeanor sentences and did not abuse its discretion by doing so. *State v. Huff,* 31 Kan. App. 2d 717, 71 P.3d 1185 (2003). The court held that K.S.A. 2002 Supp. 21-4720(b) (predecessor to K.S.A. 2017 Supp. 21-6819[b]), which granted discretion to impose concurrent or consecutive sentences in a multiple conviction case, applied only to felony sentences falling under the KSGA. On review, our Supreme Court observed that reasoning "appears to be correct" under the holding in *State v. Reed,* 23 Kan. App. 2d 661, 934 P.2d 157 (1997), and the KSGA. *Huff*, 277 Kan. at 197.

In *Reed*, this court found that the provisions of K.S.A. 21-4720(b)(4), limiting the total sentence in multiple conviction cases to no more than twice the base sentence, did not apply to misdemeanor convictions. 23 Kan. App. 2d at 663. The Supreme Court recounted the analysis developed in *Reed*:

> "The *Reed* court reasoned that 'prison' is defined in K.S.A. 21-4703(r) as a facility operated by the Kansas Department of Corrections and '[s]ince sentences for misdemeanor convictions are served in county jails, those type of sentences cannot meet the definition of prison sentences under the KSGA.' 23 Kan. App. 2d at 663. Consequently, *Reed* concluded that *a defendant may be sentenced to consecutive misdemeanor convictions in addition to the sentence imposed under K.S.A. 21-4720(b)(4) for any multiple felony convictions.* 23 Kan. App. 2d at 663." (Emphasis added.) *Huff*, 277 Kan. at 197.

The court then stated: "As such, the Court of Appeals correctly concluded that K.S.A. 2002 Supp. 21-4720(b) does not apply to misdemeanor cases." 277 Kan. at 197-98.

Lowe acknowledges this authority from *Reed* and *Huff*, but argues that, although *Huff* said K.S.A. 21-4720 [now 21-6819] does not apply to misdemeanor cases, "[i]t does not appear, however, that *Huff* specifically holds that such consecutive misdemeanor sentences may be imposed without regard to the 'double rule.'" Instead, Lowe contends *Huff* may be read to support the opposite conclusion, since the court found "the term imprisonment refers to felony as well as misdemeanor convictions." 277 Kan. at 201.

We disagree with Lowe's attempt to parlay that comment by the court into an extension of a provision in the KSGA—which applies solely to felonies—into a sentencing limitation applicable to misdemeanors. We need not belabor this further than to simply read what the Legislature has done: K.S.A. 2017 Supp. 21-6819(b)(4) specifically applies the "double the base" limitation to "[t]he total prison sentence." The Legislature defined the term prison and that definition does not include county jails, where misdemeanor sentences are to be served. As the court in *Huff* succinctly observed: "[T]he emphasis is not on the term imprisonment as the defendant would have us believe but, rather, the emphasis is upon the place of confinement." 277 Kan. at 201. We find no merit in Lowe's contention that the manner for service of his misdemeanor sentences violated a sentencing limitation in the felony-specific KSGA.

Affirmed.