No. 89,037

STATE OF KANSAS, *Appellee*, v. JACQULYN J. HUFF, *Appellant*.

(83 P.3d 206)

Opinion filed January 30, 2004.

*Steven R. Zinn*, deputy appellate defender, argued the cause, and *Paige A. Nichols*, assistant appellant defender, was on the brief for appellant.

*Debra S. Peterson*, deputy district attorney, argued the cause, and *Kristi L. Barton*, assistant district attorney, *Nola Foulston*, district attorney, and *Phill Kline*, attorney general, were with her on the brief for appellee.

The opinion of the court was delivered by

DAVIS, J.: This case comes before this court on grant of the defendant Jacqulyn J. Huff's petition for review from a decision of the Court of Appeals affirming her sentence. *State v. Huff*, 31 Kan. App. 2d 717, 71 P.3d 1185 (2003). We granted review on the sole issue of whether statutory authority exists for the imposition of consecutive jail sentences for misdemeanor offenses.

**Facts**

The defendant assisted her husband in committing purse snatches in several grocery stores and retail parking lots. In one instance, her husband grabbed the victim's purse and got into a vehicle being driven by the defendant. The defendant drove off, dragging the victim who was still clinging to her purse. In another instance, her husband grabbed a victim's purse and ran to a waiting car with the defendant inside. The defendant's children were inside the vehicle during these incidents. The defendant subsequently assisted her husband in forging and cashing stolen checks from another purse snatch.

The State charged the defendant with attempted aggravated robbery, felony possession of marijuana following a prior conviction, misdemeanor theft, and two counts of misdemeanor child endangerment. Pursuant to a plea agreement, the State amended the attempted aggravated robbery charge to attempted robbery and recommended probation and concurrent sentences with an underlying prison term of 16 months. The defendant pled guilty to the amended charge and the remaining four charges.

The trial court's sentence on the two felony crimes ran concurrently, resulting in a controlling prison term of 16 months. Over the defense's objection, the trial court imposed consecutive 12-month jail sentences on each of the three misdemeanor offenses, to run consecutive to the primary offense of attempted robbery. Probation was granted on the felony convictions with a postrelease supervision period set at 36 months instead of the recommended 24 months.

The defendant appealed her sentence to the Court of Appeals, arguing that the trial court did not have authority to impose consecutive jail sentences on her misdemeanor offenses and that if authority did exist, the court abused its discretion by imposing consecutive jail sentences on the misdemeanor offenses. The defendant also argued that her increased postrelease supervision period was an unconstitutional departure sentence under *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000), and *State v. Gould*, 271 Kan. 394, 23 P.3d 801 (2001).

## Court of Appeals

The Court of Appeals ruled that the trial court had statutory authority to impose consecutive imprisonment sentences on the misdemeanor offenses under K.S.A. 21-4608(a), that the trial court did not abuse its discretion by imposing consecutive jail sentences, and that the increased postrelease supervision term was not a departure under *Apprendi* or an appealable sentence under K.S.A. 2002 Supp. 21-4611(c)(5). *Huff*, 31 Kan. App. 2d at 719, 721, 723-24.

The Court of Appeals discussed K.S.A. 2002 Supp. 21-4720(b) and K.S.A. 21-4608(a), two statutes which provide the trial court

with the authority to impose consecutive sentences. Relying on *State v. Reed*, 23 Kan. App. 2d 661, 934 P.2d 157, *rev. denied* 262 Kan. 967 (1997), the court concluded that K.S.A. 2002 Supp. 21-4720(b), which provides that "[t]he sentencing judge shall otherwise have discretion to impose concurrent or consecutive sentences in multiple conviction cases," applies only to felony sentences under the Kansas Sentencing Guidelines Act (KSGA), K.S.A. 21-4701 *et seq.* 31 Kan. App. 2d at 719. The defendant does not take issue with this finding on appeal, and it appears to be correct under *Reed* and the Kansas Sentencing Guidelines.

In *Reed*, the Kansas Court of Appeals found that neither the 1993 version of K.S.A. 21-4720(b)(4), which provided that the total sentence assigned for the current conviction event could not exceed twice the base sentence, nor the 1994 version of the statute, which provided that the total prison sentence imposed in cases involving multiple convictions arising from multiple counts could not exceed twice the base sentence, applied to misdemeanor convictions. 23 Kan. App. 2d at 662-63.

The *Reed* court reasoned that "prison" is defined in K.S.A. 21-4703(r) as a facility operated by the Kansas Department of Corrections and "[s]ince sentences for misdemeanor convictions are served in county jails, those type of sentences cannot meet the definition of prison sentences under the KSGA." 23 Kan. App. 2d at 663. Consequently, *Reed* concluded that a defendant may be sentenced to consecutive misdemeanor convictions in addition to the sentence imposed under K.S.A. 21-4720(b)(4) for any multiple felony convictions. 23 Kan. App. 2d at 663.

K.S.A. 2002 Supp. 21-4720(b) governs the imposition of consecutive presumptive felony sentences. *State v. Peterson*, 22 Kan. App. 2d 572, 575, 920 P.2d 463, *rev. denied* 260 Kan. 1000 (1996). A presumptive sentence under the KSGA is the sentence provided in the grid block for an offender classified in that grid block by the combined effect of the crime severity ranking of the current crime of conviction and the offender's criminal history. K.S.A. 21-4703(q). The sentencing guidelines grid for drug and nondrug crimes is applied in felony cases. K.S.A. 2002 Supp. 21-4704(a); K.S.A. 2002 Supp. 21-4705(a). As such, the Court of Appeals cor-

rectly concluded that K.S.A. 2002 Supp. 21-4720(b) does not apply to misdemeanor cases.

However, the Court of Appeals did conclude that the authority to impose consecutive misdemeanor sentences lies in K.S.A. 21-4608(a), which provides in relevant part:

"When separate sentences of imprisonment for different crimes are imposed on a defendant on the same date, including sentences for crimes for which suspended sentences, probation or assignment to a community correctional services program have been revoked, such sentences shall run concurrently or consecutively as the court directs."

The Court of Appeals rejected the defendant's argument that K.S.A. 21-4608(a) does not apply to misdemeanors because the definition of "imprisonment" under K.S.A. 21-4703(m) does not include sentences that are served in a county jail. K.S.A. 21-4703(m) is defined as "imprisonment in a facility operated by the Kansas department of corrections." The Court of Appeals found that because K.S.A. 21-4703(m) is part of the KSGA, it only applies to KSGA sentences for felony convictions. The court concluded that K.S.A. 21-4608(a) was applicable to this case, reasoning:

"The definition statute in article 46 for sentencing does not include the term 'imprisonment.' See K.S.A. 2002 Supp. 21-4602. Instead, the place of imprisonment for felony and misdemeanor sentences is governed by K.S.A. 2002 Supp. 21-4603d(a)(1). The trial court may '[c]ommit the defendant to the custody of the secretary of corrections if the current crime of conviction is a felony . . . or, if confinement is for a misdemeanor, to jail for the term provided by law.' K.S.A. 2002 Supp. 21-4603d(a)(1). Unlike K.S.A. 21-4703(m), the term 'imprisonment' is not defined by where the sentence will be served.

"A review of other statutes shows the legislature applied the term 'imprisonment' to both misdemeanor and felony sentences. A crime is defined as 'an act or omission defined by law and for which, upon conviction, a sentence of death, imprisonment or fine, or both imprisonment and fine, is authorized.' K.S.A. 2002 Supp. 21-3105. If convicted of a misdemeanor, the defendant may be fined 'instead of the imprisonment authorized by law.' K.S.A. 2002 Supp. 21-4503a(b). The 'terms of confinement' for the misdemeanor classifications are stated in K.S.A. 2002 Supp. 21-4502(1). The trial court may grant probation by releasing the defendant 'after imposition of sentence, without imprisonment except as provided in felony cases.' K.S.A. 2002 Supp. 21-4602(c). The trial court had statutory authority to impose consecutive 'imprisonment' sentences on the misdemeanor offenses under K.S.A. 21-4608(a)." *Huff*, 31 Kan. App. 2d at 719.

## Discussion

The defendant argues that the trial court and the Court of Appeals imposed an illegal sentence because no statutory authority exists for the imposition of consecutive sentences for her multiple misdemeanor convictions.

### Standard of Review

An illegal sentence subject to correction is a sentence imposed by a court without jurisdiction, a sentence which does not conform to the statutory provision, either in the character or the term of the punishment authorized, or a sentence which is ambiguous with respect to the time and manner in which it is to be served. *State v. Cullen*, 275 Kan. 56, 60, 60 P.3d 933 (2003). An illegal sentence may be corrected at any time. K.S.A. 22-3504. The determination of whether a criminal sentence is illegal is a question of law subject to unlimited review. *State v. Harper*, 275 Kan. 888, 889, 69 P.3d 1105 (2003).

### The Defendant's Argument

The defendant argues that resolution of this case hinges on whether incarceration in the county jail constitutes imprisonment under Kansas law, specifically under K.S.A. 21-4608(a). She contends that the Court of Appeals failed to address the distinction between the use of the terms "confinement" and "imprisonment" in the statues authorizing the punishment for misdemeanor and felony offenses.

K.S.A. 21-4608(a) provides that "[w]hen separate sentences of *imprisonment* for different crimes are imposed on a defendant . . . such sentences shall run concurrently or consecutively as the court directs." (Emphasis added.) According to the defendant, the term imprisonment is reserved for felony crimes involving incarceration in a facility operated by the Kansas Department of Corrections. Misdemeanor convictions call for *confinement* instead of imprisonment with incarceration in a jail instead of the Kansas Department of Corrections. For support, the defendant points to the following provisions of K.S.A. 2002 Supp. 21-4603d(a)(1):

"(a) Whenever any person has been found guilty of a crime, the court may adjudge any of the following:

"(1) Commit the defendant to the custody of the secretary of corrections if the current crime of conviction is a *felony* and the sentence presumes *imprisonment*, or the sentence imposed is a dispositional departure to *imprisonment*, or, if *confinement* is for a *misdemeanor*, to jail for the term provided by law." (Emphasis added.)

Additionally, the defendant notes that while K.S.A. 21-4501 sets forth the terms of imprisonment for felony offenses, K.S.A. 2002 Supp. 21-4502(1) sets forth the terms of confinement for misdemeanor offenses. Consequently, the defendant argues that the reference to imprisonment in K.S.A. 21-4608(a) grants a trial court authority to impose consecutive sentences for felony convictions only.

Analysis

The terms imprisonment and confinement are used interchangeably throughout the Kansas Criminal Code (Code) and in Kansas statutes defining misdemeanor crimes outside the Code. Thus, our analysis below, coupled with the defendant's reliance upon these statutes within the Code, completely undermines the defendant's argument and demonstrates that the legislature intended to grant district judges authority to impose consecutive sentences for misdemeanor convictions.

The question of whether K.S.A. 21-4608(a) provides the authority for imposition of consecutive sentences in misdemeanor convictions may not be determined from a consideration of that statute alone. However, when the provisions of K.S.A. 21-4608 are considered in context of the Code, those Kansas statutes defining misdemeanor crimes outside the Code, and in the light of Kansas case law, the conclusion that K.S.A. 21-4608(a) grants such authority becomes apparent.

The Code, K.S.A. 21-3101 *et seq.*, is comprised of Articles 31 to 47 and is divided into three parts. The first, entitled General Provisions, is comprised of Articles 31 and 32. Within Part I, the provisions of K.S.A. 21-3102 define the scope and application of the Code. No conduct constitutes a crime against the State of Kansas unless it is made criminal in this Code or in another statute of this state, and unless expressly stated otherwise, or the context other-

wise requires, the provisions of the Code *apply to crimes created by statute other than in the Code.* K.S.A. 21-3102(1) and (2).

K.S.A. 2002 Supp. 21-3105 defines a crime as

"an act or omission defined by law and for which, upon conviction, a sentence of death, *imprisonment* or fine, or both *imprisonment* and fine, is authorized or, in the case of a traffic infraction or a cigarette or tobacco infraction, a fine is authorized. Crimes are classified as felonies, misdemeanors, traffic infractions and cigarette or tobacco infractions.

"(1) A felony is a crime punishable by death or by imprisonment in any state correctional institution or a crime which is defined as a felony by law.

"(2) A traffic infraction is a violation of any of the statutory provisions listed in subsection (c) of K.S.A. 8-2118 and amendments thereto.

"(3) A cigarette or tobacco infraction is a violation of subsection (m) or (n) of K.S.A. 79-3321 and amendments thereto.

"(4) All other crimes are misdemeanors."

In defining crime, the legislature intended to and did include all possible crimes, including felonies and misdemeanors. The very definition of the term "crime" includes imprisonment for felonies as well as misdemeanors. This preliminary statute in the Code undermines the defendant's contention that imprisonment is meant to apply only to felonies. In determining the type of punishment for a particular crime, the emphasis is not on the term imprisonment as the defendant would have us believe but, rather, the emphasis is upon the place of confinement, *viz.*, "[a] felony is a crime punishable . . . by imprisonment *in any state correctional institution or a crime which is defined as a felony by law.*" (Emphasis added.) See K.S.A. 2002 Supp. 21-3105(1). Nevertheless, the term imprisonment refers to felony as well as misdemeanor convictions.

Part II of the Code spans Articles 33 to 44 and sets forth Prohibited Conduct. These include Article 33, Anticipatory Crimes; Article 34, Crimes against Persons; Article 35, Sex Offenses; Article 36, Crimes Affecting Family Relationships and Children; Article 37, Crimes against Property; Article 38, Crimes Affecting Governmental Functions; Article 39, Crimes Affecting Public Trusts; Article 40, Crimes Involving Violations of Personal Rights; Article 41, Crimes Against the Public Peace; Article 42, Crimes Against the

Public Safety; Article 43, Crimes Against Public Morals; and Article 44, Crimes Affecting Business.

It is important to note that other than Article 40, which contains only misdemeanor offenses, both felony and misdemeanor offenses are set forth under all of the other articles contained in Part II of the Code. See K.S.A. 21-3302(c) and (e); 2002 Supp. 21-3413(b); 21-3513(b)(1), (2), and (3); 2002 Supp. 21-3612(a)(5); 2002 Supp. 21-3701(b); 21-3808(b)(1) and (2); 21-3902(c)(2); 21-4111(b)(1)(B) and (C); 2002 Supp. 21-4201(h); 21-4301(f)(1) and (2); 21-4404(c); and 21-4405. This is important because it demonstrates that in defining crimes, the Code sets forth both felonies and misdemeanors but leaves the punishment for those crimes to Article 46, Sentencing.

Part III of the Code, Classification of Crimes and Sentencing, includes Article 45, Classification of Crimes and Penalties; Article 46, Sentencing; and Article 47, Sentencing Guidelines. Under Article 45, as previously noted, K.S.A. 21-4501 sets forth the classes of felonies and the terms of imprisonment. K.S.A. 2002 Supp. 21-4502 sets forth the classification of misdemeanors and the terms of confinement for each class. K.S.A. 2002 Supp. 21-4503a(b) provides that "[a] person who has been convicted of a misdemeanor, in addition to or instead of *the imprisonment authorized by law,* may be sentenced to pay a fine." (Emphasis added.) This emphasized language provides another example of how the terms imprisonment and confinement are used interchangeably in the Code.

It is within Article 46, Sentencing, that the provisions of K.S.A. 21-4608(a) come into play. Likewise, this article contains the authorized disposition for crimes committed on or after July 1, 1993, which demonstrates the legislature's use of the term imprisonment when referring to felonies and confinement in regard to misdemeanors. See K.S.A. 2002 Supp. 21-4603d(a)(1).

Article 47 sets forth the Kansas Sentencing Guidelines. From here, the defendant seeks to strengthen her argument that imprisonment only applies to felony sentences by pointing to K.S.A. 21-4703(m), which states that " 'imprisonment' means imprisonment in a facility operated by the Kansas department of corrections." However, as previously discussed, the defendant acknowledges

that Article 47 deals only with felony crimes committed after July 1, 1993. Thus, the above definition lends no support to the defendant's argument because it applies only to Kansas Sentencing Guidelines felonies.

The defendant argues that the Court of Appeals failed to address the distinction between the use of the terms confinement and imprisonment which exist in the Code in statutes authorizing the punishment for criminal offenses. She contends the inconsistency in the manner in which these terms are used creates an ambiguity that must be resolved in favor of the criminal defendant.

"When construing criminal statutes, it is well settled that such statutes must be strictly construed in favor of the accused. Any reasonable doubt about meaning is decided in favor of anyone subjected to the criminal statute. The rule of strict construction, however, is subordinate to the rule that judicial interpretation must be reasonable and sensible to effect legislative design and intent." *State v. Pollard*, 273 Kan. 706, 710-711, 44 P.3d 1261 (2002).

"The fundamental rule of statutory construction is that the intent of the legislature governs when that intent can be ascertained from the statute. In construing a criminal statute, any reasonable doubt about the meaning is decided in favor of one subjected to the statute. The rule of strict construction, however, is subordinate to the rule that judicial interpretation must be reasonable and sensible to effect legislative design and intent. In construing statutes and determining legislative intent, several provisions of an act in pari materia must be construed together with a view of reconciling and bringing them into workable harmony if possible." *In re W.H.*, 274 Kan. 813, Syl. ¶ 2, 57 P.3d 1 (2002).

The defendant's argument is without merit. The very use of "for different crimes" in K.S.A. 21-4608(a) necessarily recalls the preliminary provisions the Code, which defines a crime as both a felony and a misdemeanor. See K.S.A. 2002 Supp. 21-3105. As the Code defines crimes which are both misdemeanors and felonies, the exclusion of misdemeanors under K.S.A. 21-4608 would deny the overall sense and logic of our Code. Article 47 applies only to felony sentences under the Kansas Sentencing Guidelines. Thus, it becomes clear that when viewing K.S.A. 21-4608 in the context of the Code, the sentencing provisions contained in Article 46 were meant to apply to sentencing for both misdemeanors and felonies.

This same conclusion is reached when reviewing the use of the terms imprisonment and confinement in those crimes identified

and defined by statute outside of the Code. These crimes are included within the Code by reason of the following provisions in K.S.A. 21-3102(2): "Unless expressly stated otherwise, or the context otherwise requires, the provisions of this code apply to crimes created by statute other than in this code." Thus, the sentencing provisions of Article 46 would apply to these crimes as well.

A number of such crimes provide that the sentence for a person convicted of a misdemeanor may be punished by imprisonment in the county jail. See K.S.A. 1-316(f); 2-140; 2-1111; 2-1112; 2-1115; 2-2506; 2-3010; 8-119; 8-149; 8-1,117; 8-268; 8-281; 8-1599; 9-512; 9-2001; 9-2003; 9-2005; 9-2015; 9-2016; 10-117; 10-118a; 12-761(a); 12-1609; 12-1633; 16-305(a); 17-1907; 17-1908; 17-1913; 17-1920; 19-233; 19-2780; 19-2803a(a); 19-4331; 20-911; 21-1214; 21-2804; 2002 Supp. 21-3412a(b)(1) and (2); 21-3760(b); 23-116a; 24-126(a); 24-456; 24-473; 24-636; 24-815; 48-219; 55-102(a); 55-607; 55-708; 58-206; 58-1022; 60-1208(b); 65-624; 65-642; 65-905; 65-1460; 65-1909(b); 72-8314; 75-4508; 79-1408; 79-1426; 79-3228(d); 79-34,103; 79-34,122(a); 80-408; 80-409; 80-411; 82-170.

Several other statutes setting forth the punishment for misdemeanor offenses use the terms confinement and imprisonment interchangeably by stating that the defendant may be punished by fine or confinement in the county jail or by both such fine and imprisonment. See K.S.A. 3-205; 28-226; 28-318; 28-619; 28-1008; 41-2604(a); 72-8314; and 76-2029.

Black's Law Dictionary defines confinement as the "[s]tate of being confined; shut in; imprisoned; detention in penal institution. Black's Law Dictionary 298 (6th ed. 1990). Imprison is defined as "[t]o put in a prison; to put in a place of confinement. To confine a person or restrain his liberty, in any way." Black's Law Dictionary 757 (6th ed. 1990). Imprisonment is defined in part as:

"The detention of a person contrary to his will. The act of putting or confining a person in prison. The restraint of a person's personal liberty; coercion exercised upon a person to prevent the free exercise of his powers of locomotion. It is not a necessary part of the definition that the confinement should be in a place usually appropriated to that purpose; it may be in a locality used only for the specific occasion; or it may take place without the actual application of any physical agencies of restraint (such as locks or bars), as by verbal compulsion and the display of available force. Every confinement of the person is an 'imprisonment,' whether

it be in prison, or in a private house, or even by forcibly detaining one in the public streets." Black's Law Dictionary 757 (6th ed. 1990).

The above definitions provide further support that imprisonment and confinement are one and the same and may be used interchangeably. The defendant's argument that imprisonment applies only to sentences requiring incarceration in institutions of the Department of Corrections and confinement applies only to misdemeanors fails to stand up in light of our above statutory analysis. Moreover, exactly the opposite conclusion is substantiated. The terms imprisonment and confinement, both in the Code, and for those crimes identified and defined by statute outside the Code, are used interchangeably throughout most if not all criminal statutes involving felonies as well as misdemeanor convictions. Article 46 and specifically K.S.A. 21-4608(a) authorizes the court to determine whether the sentences in felony and misdemeanor convictions are to run concurrently or consecutively.

Further support for this position can be gained from the following cases. First, in *State v. Walbridge*, 248 Kan. 65, 68-69, 805 P.2d 15 (1991), this court considered whether confinement in a county jail as a condition of probation was permissible under K.S.A. 21-4602(3) (Ensley 1988), which defined "probation" as a procedure under which a defendant is released without imprisonment. In concluding it was not permissible, the court reasoned that "[t]here can be no doubt that confinement in a county jail constitutes imprisonment. Black's Law Dictionary 757 (6th ed. 1990)." 248 Kan. at 69. K.S.A. 21-4602(3) was subsequently amended to permit the court to include confinement in a county jail as a condition of probation in felony cases. L. 1991, ch. 88, sec 1. See K.S.A. 2002 Supp. 21-4602(c).

Second, in *State v. Scherzer*, 254 Kan. 926, 869 P.2d 729 (1994), this court considered whether imprisonment under the vehicular battery statute could include house arrest, even though the statute did not expressly provide for such. However, the aggravated vehicular homicide statute allowed the minimum required imprisonment could be served by house arrest. *Scherzer* reviewed the legislative history of the vehicular battery statute, the KSGA defi-

nition of imprisonment, K.S.A. 8-1567's definition of imprisonment, and several additional sentencing statutes which indicated that house arrest was a different disposition than imprisonment. The court concluded that because the legislature used different language in two comparable statutes, K.S.A. 1992 Supp. 21-3405b(b)(2) (repealed 1993) and K.S.A.21-3405a (repealed 1993), the presumption was that the legislature made a conscious choice to use different language in the two statutes and intended a different type of sentence to be imposed. 254 Kan. at 937.

Third, in *State v. Petz*, 27 Kan. App. 2d 805, 811-12, 7 P.3d 1277 (2000), the Court of Appeals reversed the district court's imposition of three consecutive 30-day sentences in the county jail as a condition of his probation under K.S.A. 21-4602(c). It held that under K.S.A. 1999 Supp. 21-4603d(a), the legislature intended to limit the total time an individual may be confined in a county jail as a condition of probation to 30 days, and that in a multi-count complaint or information, a trial court may not require that the defendant serve 30 days on each count consecutively to increase the period of confinement ordered as a result of probation.

Finally, in *In re W.H.*, 274 Kan. 813, this court concluded that although the KSGA and the Kansas Juvenile Justice Code (KJJC) contained similar provisions, the KJJC provided no authority for imposition of consecutive sentences. The court reasoned that "[t]he KSGA expressly empowers a district court to impose consecutive sentences in K.S.A. 21-4720(b) and K.S.A. 21-4608," but the KJJC provides no such power and is silent on the question of consecutive sentences. The court concluded that the Kansas Legislature, by its exclusion regarding consecutive sentences, did not authorize the imposition of consecutive sentences under the KJJC. 274 Kan. at 823.

Review of these cases supports the decision of the Court of Appeals that K.S.A.21-4608(a) empowers a district court to impose consecutive sentences in misdemeanor convictions. In *Walbridge*, this court viewed confinement in county jail as imprisonment. 248 Kan. at 69. In *Scherzer*, the definition of imprisonment under the KSGA and K.S.A. 8-1567 was not the deciding factor in determining whether imprisonment included house arrest, and the court

found it necessary to compare the use of different language in comparable statutes. 254 Kan. at 937. This case is distinguishable from *Petz* in that the decision to impose consecutive sentences does not depend on a fixed time limit (30 or 60 days) set forth in the statute, and it is distinguishable from *W.H.* in that the KJJC is silent on consecutive sentences while K.S.A. 21-4608(a) provides the authority to impose consecutive sentences.

The manifest purpose of the Code and the sentencing Article 46 is to avoid inconsistencies and to allow individualized sentencing dispositions whenever practicable. *Scherzer*, 254 Kan. at 933. The terms confinement and imprisonment are similar in definition and used interchangeably throughout the Code and Kansas statutes defining certain misdemeanor crimes outside the code. Interpreting imprisonment under K.S.A. 21-4608(a) to apply only to felony sentences finds no support in the Code, which when studied supports the opposite conclusion. Moreover, such an interpretation would create confusion and inconsistency both in the Code and in those crimes set forth by statute outside the Code, and it would frustrate the purpose of the Code to allow district courts to craft individualized sentencing dispositions based on the circumstances surrounding each case. We conclude that the Court of Appeals was correct in its conclusion that K.S.A. 21-4608(a) authorized the district court to sentence the defendant in this case to consecutive misdemeanor sentences.

Judgment of the Court of Appeals affirming the district court is affirmed, and the judgment of the district court is affirmed.

BEIER, J., not participating.
LARSON, S.J., assigned.