NOT DESIGNATED FOR PUBLICATION

No. 114,151

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee,*

v.

BRAD L. GILCHRIST,
*Appellant.*


MEMORANDUM OPINION

Appeal from Miami District Court; STEVEN C. MONTGOMERY, judge. Opinion filed March 18, 2016. Affirmed.

*Darrell L. Smith*, of Olathe, for appellant.

*Jason A. Oropeza*, assistant county attorney, *Elizabeth H. Sweeney-Reeder*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GREEN, P.J., BUSER, J., and HEBERT, S.J.

*Per Curiam*: In this direct criminal appeal, Brad Gilchrist complains about the district court's discretionary decision to order the 12-month sentence it imposed upon Gilchrist's misdemeanor conviction for violating a protection order to run consecutively, rather than concurrently, to his 31-month sentence imposed on the same day in a separate case not at issue in this appeal. Finding no breach of the plea agreement by the State and no abuse of discretion by the district court, we affirm.

BACKGROUND

Gilchrist and the State entered into a plea agreement by which the parties settled three separate criminal cases pending against Gilchrist. The State dismissed one case in its entirety. In case 14 CR 59, Gilchrist pled guilty to an amended charge of aggravated battery, a severity level 7 person felony. In case 14 CR 195, Gilchrist pled guilty to a misdemeanor violation of a protection order. The parties agreed to jointly recommend that the district court impose an aggravated presumptive prison sentence of 31 months for the felony and a 12-month joint sentence for the misdemeanor, to be served concurrently.

The case is here now because although the district court did impose the recommended sentences, it ordered Gilchrist to serve them consecutively rather than concurrently. In support, the district court found Gilchrist is a danger to the public, citing his "numerous instances of violent behavior" reflected in his criminal history and the four permanent protective orders against him, of which the court took judicial notice. The court also highlighted Gilchrist's "propensity to disregard court orders," as demonstrated by the fact that he twice violated his bond in the felony case, which led to the misdemeanor charge. This is Gilchrist's timely appeal from that sentence.

We note that only the misdemeanor case is now before us. In November 2015, our Supreme Court summarily affirmed Gilchrist's separate appeal from his sentence in the felony case upon transfer under K.S.A. 20-3018(c). See Supreme Court Rule 7.041A(d) (2015 Kan. Ct. R. Annot. 67) (authorizing summary disposition of sentencing appeals).

DISCUSSION

Gilchrist's complaint in this appeal is that the district court's decision to order him to serve his sentences consecutively rather than concurrently resulted from either a breach

of the plea agreement by the State or an abuse of discretion by the district court. The State disagrees on both fronts. We consider the arguments in turn.

*The State did not breach the plea agreement.*

Although his issue statement mentions only an abuse of discretion, Gilchrist opens his argument by suggesting the State breached the plea agreement in violation of his due process rights. Because Gilchrist has not briefed *how* the State did so, we find he has waived or abandoned that issue. See *State v. Boleyn*, 297 Kan. 610, Syl. ¶ 10, 303 P.3d 680 (2013) (failure to brief issues waives, abandons it).

Even if Gilchrist had not abandoned the issue, upon our unlimited review, we find the State did not breach the plea agreement. See *State v. Woodward*, 288 Kan. 297, 300, 202 P.3d 15 (2009) (whether State breached plea agreement is question of law subject to unlimited appellate review). On the contrary, the State dutifully recommended the district court order the sentences to run concurrently.

*The district court did not abuse its discretion.*

No one disputes that the district court had discretion to order Gilchrist's sentences to run concurrently or consecutively. See K.S.A. 2015 Supp. 21-6606(a) ("When separate sentences of imprisonment for different crimes are imposed on a defendant on the same date . . . such sentences shall run concurrently or consecutively as the court directs."); *State v. Mosher*, 299 Kan. 1, 2, 319 P.3d 1253 (2014) (recognizing district court's general discretion to determine whether sentence should run concurrent with or consecutive to another sentence); accord *State v. Huff*, 277 Kan. 195, 83 P.3d 206 (2004) (holding that incarceration in county jail for misdemeanor is "imprisonment" within meaning of statutory predecessor of K.S.A. 2015 Supp. 21-6606[a]). A judicial action constitutes an abuse of discretion if the action (1) is arbitrary, fanciful, or unreasonable; (2) is based on

3

an error of law; or (3) is based on an error of fact. *Mosher*, 299 Kan. at 3. The party asserting the district court abused its discretion bears the burden of showing such abuse. *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012).

Gilchrist has not met his burden of demonstrating an abuse of discretion. In his rather brief argument, Gilchrist notes only that he "took into consideration" the sentencing recommendation when he entered his plea and again incorrectly suggests the State failed to make the agreed recommendation. Gilchrist, however, openly acknowledged when he entered his plea that he knew the district court was under no obligation to follow the parties' sentencing recommendations. See *Mosher*, 299 Kan. at 2 (discussing parties' assumption of risk that sentencing court will impose sentence different than sentence recommended in nonbinding plea agreement). Gilchrist points us to no error of law or fact that informed the district court's discretionary decision; and we cannot say under these facts that its decision to run the sentences consecutively was arbitrary, fanciful, or unreasonable.

Affirmed.