NOT DESIGNATED FOR PUBLICATION

No. 116,853

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

OSCAR FLORES,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; WARREN M. WILBERT, judge. Opinion filed February 23, 2018. Affirmed.

*Carl Maughan*, of Maughan Law Group LC, of Wichita, for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, P.J., SCHROEDER, J., and BURGESS, S.J.

PER CURIAM: Oscar Flores was found guilty by a jury of assault, domestic battery, and eight counts of violating a protective order. Flores appeals, arguing that the district court erred by running some of his misdemeanor sentences consecutively and by allowing the State to amend the complaint, adding new charges, a few days before his trial. Finding no abuse of discretion, we affirm the district court's judgment.

We will briefly review the facts. On August 9, 2015, while driving, Flores allegedly backhanded his then-girlfriend K.S. in the face; grabbed her leg to prevent her

1

from leaving the car, causing bruising; and threatened her life with a knife. K.S. eventually escaped from the situation when Flores stopped at a gas station. The following day, K.S. made a police report and she was interviewed by an officer with the Wichita Police Department. Following the interview, Flores was arrested and placed in jail.

On August 18, 2015, the State charged Flores with one count of aggravated assault with a deadly weapon and one count of domestic battery. On the same day, the district court granted a protective order forbidding contact between Flores and K.S.

While the case was pending, Flores contacted K.S. numerous times using the jailhouse telephone and video-visit system. K.S. estimated that Flores contacted her over 70 times, while the State estimated that Flores contacted K.S. over 100 times. Throughout these calls, Flores continued to threaten and harass K.S. Flores even tried to prevent K.S. from testifying by instructing her not to show up for any court dates.

At a pretrial hearing on April 22, 2016, as a result of the jailhouse contacts, the State sought to amend the original complaint, adding eight new charges of violating a protective order. After hearing arguments of counsel, the district court granted the State's request to amend the complaint. Because the trial was scheduled to start April 25, 2016, Flores' trial counsel requested a continuance. The State had no objection to the trial continuance, yet, Flores himself objected. Against his counsel's recommendation, Flores insisted that he go to trial on April 25. When the district court informed Flores of the risk of going to trial if he was not ready, he responded: "I will take my chances."

Flores' trial began April 25, 2016. K.S. testified for the State, as well as several law enforcement officers who had investigated the case. Throughout the trial, Flores expressed dissatisfaction with his counsel for refusing to call certain witnesses and refusing to ask certain questions during cross-examination. Flores' counsel explained that he tried to contact the witnesses, but he was having difficulties contacting them. The

2

district court recessed trial for a day, in part, so Flores could bring in his witnesses. The next day, Flores' witnesses were present. Following yet another discussion with the court, Flores and his counsel decided not to call his witnesses for strategic purposes. Flores also decided that he would not testify. Flores' defense was based on attacking the credibility of K.S. After hearing the evidence, the jury found Flores guilty as charged, with the exception of finding him guilty of the lesser charge of simple assault, rather than aggravated assault. Each conviction was for a misdemeanor crime.

On June 7, 2016, the district court sentenced Flores to 30 days in jail for assault, six months for domestic battery, and one year for each protective order conviction. The district court then ordered that the assault, domestic battery, and four of the protective order sentences run consecutively, resulting in a controlling term of 55 months in jail. Flores timely filed a notice of appeal.

CONSECUTIVE SENTENCES

Flores first claims the district court erred by ordering some of his sentences to run consecutive to one another. The State, in turn, argues that the district court's decision to order consecutive sentences for Flores' misdemeanor convictions was not arbitrary or unreasonable in light of the facts and circumstances of his case.

As Flores acknowledges, it is generally within the district court's discretion to determine whether a sentence should run concurrent with or consecutive to another sentence. K.S.A. 2017 Supp. 21-6606(a); *State v. Mosher*, 299 Kan. 1, 2, 319 P.3d 1253 (2014). A judicial action constitutes an abuse of discretion if (1) no reasonable person would take the view adopted by the district court; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015). The party asserting that the district court abused its discretion bears the burden of

3

showing such an abuse. *State v. Robinson*, 303 Kan. 11, 90, 363 P.3d 875 (2015), *cert. denied* 137 S. Ct. 164 (2016).

Flores does not assert that the district court's action constituted an error of law or an error of fact, so his claim is that no reasonable person would have taken the view adopted by the district court to run the sentences consecutively. To show that the district court acted unreasonably, Flores points to an extensive discussion between himself and the district court during the trial, outside the presence of the jury. This discussion concerned witnesses that Flores wanted to call against his trial counsel's recommendation and Flores' assertion that his counsel was ineffective. On appeal, Flores asserts that this discussion was "heated" and "argumentative." While conceding that this discussion does not conclusively reveal bias, Flores claims that the discussion indicates an animosity, or an appearance of animosity, between the district court and himself, leading the court to abuse its discretion by imposing consecutive sentences.

Based upon our review of the trial transcript, we disagree with Flores' interpretation that the discussion between himself and the district court was "heated." In fact, the district court appeared to be very willing to listen to Flores. If any party became argumentative during the discussion, it was Flores who was arguing with the court, not the other way around. On multiple occasions, the district court patiently tried to explain the law to Flores in order to resolve the issues he was raising at trial. We fail to find any animosity, or even the appearance of animosity, between the district court and Flores which led to the district court running the sentences consecutively.

Flores' brief also mentions the "double rule" which prohibits a district court from imposing a maximum sentence that is twice the base sentence for felony convictions. See K.S.A. 2017 Supp. 21-6819(b)(2), (4); *State v. Eisenhour*, 305 Kan. 409, 410, 384 P.3d 426 (2016) ("Under the double base-sentence rule, a maximum sentence of imprisonment cannot exceed twice the base sentence imposed on a primary crime."). Flores correctly

4

concedes that the "double rule" does not apply to misdemeanor sentences. See *State v. Huff*, 277 Kan. 195, 197-98, 83 P.3d 206 (2004). Nonetheless, Flores asks us to apply the reasoning of the "double rule" to his case and asks us to find that imposing a sentence greater than double the maximum sentence of the primary crime is "presumptively unreasonable." However, Flores fails to provide any legal authority to support his request, and we refuse to apply the "double rule" reasoning to Flores' misdemeanor sentences.

In making its sentencing determination, the district court considered that Flores had 23 entries on his criminal history worksheet, including two prior convictions for domestic violence and one for battery. The district court also considered the evidence surrounding the jailhouse phone calls between Flores and K.S. Finally, the district court considered that although Flores violated his protective order concerning K.S. over 100 times, the State only charged Flores with eight counts of violating a protective order. Based on the record, we are unable to say that no reasonable person would have taken the view adopted by the district court in ordering consecutive sentences. Accordingly, we conclude that Flores has failed to meet his burden of demonstrating that the district court abused its discretion in running his sentences consecutively.

AMENDED COMPLAINT

Next, Flores claims the district court erred in allowing the State to amend the complaint just a few days before trial. Because the State amended the complaint by adding new charges, Flores claims he did not have time to prepare a solid defense. The State asserts that the district court did not abuse its discretion when it allowed the State to amend the complaint because doing so did not subject Flores to substantial prejudice.

Although Flores asserts that this issue involves statutory interpretation subject to unlimited review, we disagree. Instead, as asserted by the State, the district court's decision to allow an amendment to a complaint is reviewed for an abuse of discretion.

5

*State v. Bischoff*, 281 Kan. 195, 205, 131 P.3d 531 (2006). The party asserting an abuse of discretion bears the burden of showing such abuse. *Robinson*, 303 Kan. at 90.

K.S.A. 22-3201(e) governs the amending of complaints: "The court may permit a complaint or information to be amended at any time before verdict or finding if no additional or different crime is charged and if substantial rights of the defendant are not prejudiced." Our Supreme Court has interpreted this statute to mean that a district court has considerable discretion to allow an amended complaint prior to trial, even if it adds new charges, as long as the amendment does not prejudice the substantial rights of the defendant. *Bischoff*, 281 Kan. at 205; *State v. Woods*, 250 Kan. 109, Syl. ¶ 1, 825 P.2d 514 (1992).

Here, at the pretrial hearing, the State explained to the district court that Flores' trial counsel was aware "for weeks" that additional charges would be added to the original complaint. On appeal, Flores fails to show how the amendment prejudiced his substantial rights. Granted, the amendment allowed additional charges to be filed a few days before trial. However, the State and the district court were willing to continue Flores' trial, but he insisted on going to trial without a continuance. Flores asserts that the district court had an obligation to protect his rights to a fair trial by continuing his case over his objection. However, Flores supplies us with no legal authority to support this claim. More importantly, the record reflects that Flores was able to bring his witnesses to trial, but he decided not to call them for strategic purposes. Under these circumstances, we conclude that Flores has failed to establish that the district court abused its discretion in allowing the State to amend the complaint.

Affirmed.

6