NOT DESIGNATED FOR PUBLICATION

No. 122,185

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

COLE FORD CARTER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID J. KAUFMAN, judge. Opinion filed October 30, 2020. Affirmed in part and dismissed in part.

Submitted by the parties for summary disposition pursuant to K.S.A. 2019 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., BUSER and WARNER, JJ.

PER CURIAM: Cole Ford Carter appeals his sentences from two felony convictions (criminal threat and cruelty to animals) and one misdemeanor (criminal possession of a weapon). We granted Carter's motion for summary disposition in lieu of briefs pursuant to Kansas Supreme Court Rule 7.041A (2020 Kan. S. Ct. R. 47). We lack jurisdiction to consider Carter's appeal of the sentences for his felony convictions and thus dismiss those claims. We affirm Carter's sentence for the misdemeanor offense.

In September 2019, Carter pleaded guilty to one count of felony criminal threat, one count of felony cruelty to animals, and one count of misdemeanor criminal possession of a firearm. The matter then proceeded to sentencing, with the district court imposing the following sentences:

1

- For the criminal-threat offense, the court sentenced Carter to the presumptive sentence of 6 months' imprisonment, then suspended that sentence and ordered him to serve 12 months' probation.

- For the cruelty-to-animals offense, the court sentenced him to 12 months in jail and ordered a fine of $500, both within the presumptive sentencing range.

- For criminal possession of a weapon, the court sentenced him to an underlying sentence of 12 months in jail and then granted probation for that term.

The court ordered that Carter's sentences for criminal threat and misdemeanor criminal possession of a weapon would be served concurrently, but that these sentences would run consecutive to his 12-month jail sentence for cruelty to animals, for a controlling sentence of 12 months in jail, followed by 12 months of probation. Carter appealed, arguing that the district court erred when it ordered sentences be served consecutively.

Carter acknowledges that our appellate courts are without jurisdiction to consider appeals from any sentence within the presumptive range for a conviction entered for a felony that was committed on or after July 1, 1993. K.S.A. 2019 Supp. 21-6820(c)(1); *State v. Sprung*, 294 Kan. 300, 317, 277 P.3d 1100 (2012). Consecutive presumptive sentences under the Kansas Sentencing Guidelines Act do not constitute sentencing departures and are not appealable. *State v. Jacobs*, 293 Kan. 465, 466, 263 P.3d 790 (2011). Based on these standards, we are without jurisdiction to consider the district court's decision that Carter's sentence for criminal threat be served consecutive to his sentence for animal cruelty, as both are presumptive felony sentences under the KSGA. We therefore dismiss his appeal as it relates to those consecutive sentences.

This leaves Carter's sentence for misdemeanor criminal possession of a weapon, which is not subject to the KSGA and nevertheless was ordered to run consecutive to his animal-cruelty sentence. See *State v. Huff*, 277 Kan. 195, 197-98, 83 P.3d 206 (2004). As the State points out in its response, the district court has wide latitude to determine whether to run a sentence for a misdemeanor offense consecutively or concurrently. See 277 Kan. at 207; *State v. LaGrange*, 21 Kan. App. 2d 477, 484-85, 901 P.2d 44 (1995). A district court only abuses this discretion when no reasonable person would take the view it adopted or if its ruling is based on an error of law or fact. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011).

Carter bears the burden of showing the court abused its discretion. See *State v. Wells*, 289 Kan. 1219, 1227, 221 P.3d 561 (2009). But he offers no reason why the decision to run his misdemeanor sentence consecutive to his felony sentence for cruelty to animals was erroneous. This lack of explanation is particularly problematic given that the court's decision has no real impact on Carter's controlling sentence, but rather sorted his terms of imprisonment from his terms of probation. Carter has not shown the district court abused its discretion.

Affirmed in part and dismissed in part.