NOT DESIGNATED FOR PUBLICATION

No. 124,099

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ABEL M. SANTOS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; TYLER J. ROUSH, judge. Opinion filed March 18, 2022.
Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2020 Supp. 21-6820(g) and
(h).

Before HILL, P.J., POWELL and CLINE, JJ.

PER CURIAM: Abel M. Santos appeals his sentence for misdemeanor escape from
custody. We granted Santos' unopposed motion for summary disposition under Kansas
Supreme Court Rule 7.041A (2022 Kan. S. Ct. R. at 48). After a review of the record, we
find the district court did not abuse its discretion and affirm.

In June 2018, Santos pleaded guilty to five counts of burglary and one count of
attempted theft under a plea agreement. The district court placed Santos on probation for
24 months with an underlying prison sentence of 45 months.

1

In January 2019, the State charged Santos with burglary, criminal damage to property, and theft. These offenses were alleged to have occurred in 2017 but charging was delayed because of a delay in DNA testing. The State also filed a probation violation warrant, alleging that Santos had violated several terms of his probation.

Santos entered another plea agreement in September 2019, under which he pleaded guilty to the burglary charge. The remaining charges were dismissed. He waived his right to an evidentiary hearing and admitted the probation violations.

The district court granted Santos' motion for departure and sentenced him to 24 months' probation with an underlying prison sentence of 21 months for the new burglary conviction. As for the probation violations, it imposed a three-day jail sanction and extended Santos' probation so that his term of probation for all cases would end at the same time.

Then, in January 2020, the State charged Santos with felony aggravated escape from custody and filed a probation violation warrant for Santos' commission of a new crime while on probation.

Santos admitted to violating his probation by committing a new crime and pleaded guilty to an amended charge of escape from custody, a class A misdemeanor, under a plea agreement with the State. In line with this agreement, both Santos and the State recommended the district court sentence Santos to 12 months in prison, revoke his probation, impose the underlying sentences in his previous convictions, and modify his sentences to be served concurrently. The district court followed this joint recommendation when it sentenced Santos.

On appeal, Santos argues the district court abused its discretion in imposing a prison sentence instead of placing him on probation for his new conviction. Santos does not explain how he believes the district court abused its discretion.

Because K.S.A. 2020 Supp. 21-6820(c) applies to only felony sentences, we have jurisdiction to review Santos' misdemeanor sentence. See *State v. Huff*, 277 Kan. 195, 197-98, 83 P.3d 206 (2004) (presumptive felony sentence statute inapplicable to misdemeanor sentences).

A criminal sentence within statutory limits will not be disturbed on appeal absent a showing of abuse of discretion or vindictiveness on the part of the sentencing court. *State v. Brown*, 309 Kan. 369, 375, 435 P.3d 546 (2019). A district court abuses its discretion when: (1) no reasonable person would take the view adopted by the judge, (2) a ruling stems from an error of law, or (3) substantial competent evidence does not support a finding of fact on which the exercise of discretion is based. The burden of proving error is on the party alleging the abuse. *State v. McLinn*, 307 Kan. 307, 347-48, 409 P.3d 1 (2018).

Santos' 12-month sentence for misdemeanor escape from custody is within the statutory limits. See K.S.A. 2020 Supp. 21-6602(a)(1) (setting maximum sentence for class A misdemeanors at one year). Santos also recommended the district court impose a 12-month prison sentence in his plea agreement and did not move for a dispositional departure.

Because the district court did not abuse its discretion and imposed a sentence within the statutory limits for the underlying crime, we affirm Santos' sentence.

Affirmed.