NOT DESIGNATED FOR PUBLICATION

No. 126,830

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SKYLER JOSEPH MICHAEL WILSON,
*Appellant*.


MEMORANDUM OPINION

Appeal from Shawnee District Court; C. WILLIAM OSSMANN, judge. Submitted without oral argument. Opinion filed December 27, 2024. Appeal dismissed.

*Sam Schirer*, of Kansas Appellate Defender Offense, for appellant.

*Jodi Litfin*, deputy district attorney, *Michael R. Serra*, deputy district attorney, *Alexandra Holdsworth*, legal intern, *Michael F. Kagay*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.


Before BRUNS, P.J., SCHROEDER and CLINE, JJ.


PER CURIAM:  Skyler Joseph Michael Wilson appeals the district court's imposition of a six-month jail sentence for a misdemeanor criminal damage to property conviction that resulted from a plea agreement that he entered into with the State. The district court ordered that the misdemeanor sentence run consecutive to two felony sentences for burglary of a dwelling and theft. On appeal, Wilson contends the district court abused its discretion by imposing the consecutive misdemeanor sentence. In response, the State contends that the district court did not err. However, as a preliminary

1

matter, the State argues that we do not have appellate jurisdiction over this appeal because the challenged sentence resulted from the district court's approval of the plea agreement. Based on our review of the record on appeal, we agree with the State's jurisdictional argument, and we dismiss this appeal.

FACTS

On January 10, 2022, the State charged Wilson with burglary of a dwelling, felony theft, and misdemeanor criminal damage to property for crimes committed in December 2021. Several months later, Wilson entered into a plea agreement with the State. Under the agreement, Wilson agreed—among other things—to plead guilty to the three charges in exchange for the State agreeing not to amend the charges upward. Significantly, the parties also agreed to recommend that the district court impose the standard presumptive sentences for each conviction and that the sentences be served consecutively.

Before sentencing, Wilson violated the terms of both his bond and plea agreement by failing to report as scheduled for pretrial services. At sentencing, Wilson admitted that he violated the plea agreement. Even so, the State asked the district court to sentence Wilson—consistent with the plea agreement—to "the standard number, those counts run consecutive to another." In response, Wilson asked the district court to grant a dispositional departure or, in the alternative, to grant a durational departure resulting in a "global" total sentence of 12 months.

Ultimately, the district court denied the departure motion and sentenced Wilson to 21 months in prison on the burglary conviction; to 6 months on the felony theft conviction; and, to 6 months in jail on the misdemeanor criminal damage to property conviction. Consistent with the plea agreement, the district court ordered the three sentences to run consecutive to one another. Subsequently, Wilson appealed from his jail

2

sentence on the misdemeanor count but did not appeal his convictions or his other sentences.

ANALYSIS

The sole issue presented by Wilson on appeal is whether the district court erred in imposing a six-month jail sentence—to run consecutive to his prison sentences—on his misdemeanor criminal damage to property conviction. We review challenges to a district court's imposition of a non-guidelines sentence under an abuse of discretion standard. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). "A judicial action constitutes an abuse of discretion only if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact." *State v. Levy*, 313 Kan. 232, 237, 485 P.3d 605 (2021). The party asserting such an error has the burden to establish the abuse of discretion. *State v. Crosby*, 312 Kan. 630, 635, 479 P.3d 167 (2021).

In response, the State contends that the district court did not abuse its discretion in imposing the consecutive jail sentence for the misdemeanor criminal damage to property conviction. The State also argues that we must first address the preliminary question of whether we have appellate jurisdiction over Wilson's challenge to his misdemeanor sentence because the district court imposed it consistent with the terms of the parties' plea agreement. Because questions about appellate jurisdiction involve a matter of law, our review is unlimited. *State v. Lundberg*, 310 Kan. 165, 170, 445 P.3d 1113 (2019).

In support of its jurisdictional argument, the State points us to the record on appeal in which it complied with the parties' plea agreement by recommending the standard presumptive sentences to the district court at the sentencing hearing. Our review of the record confirms that the State's sentencing recommendation did not differ from what was agreed upon in the plea agreement. Likewise, the sentences imposed by the district court were not inconsistent with the plea agreement.

3

It is undisputed that misdemeanor sentences do not fall under the Revised Kansas Sentencing Guidelines Act. See *State v. Huff*, 277 Kan. 195, 197-98, 83 P.3d 206 (2004). Here, the district court sentenced Wilson on the misdemeanor criminal damage to property conviction under K.S.A. 21-6602(a)(2), which provides for "a definite term of confinement in the county jail which shall be fixed by the court and shall not exceed six months." As a result, we find that the district court had the legal authority to require Wilson to serve a consecutive six-month sentence in the Shawnee County jail for his misdemeanor conviction.

Unless a sentence is illegal, appellate courts lack jurisdiction to review a sentence agreed to by the parties and followed by the sentencing court. *State v. Quested*, 302 Kan. 262, 264, 352 P.3d 553 (2015); see K.S.A. 21-6820(c)(2); K.S.A. 22-3504(a). Similarly, in *State v. Ricker*, No. 124,745, 2022 WL 3132652 (Kan. App. 2022) (unpublished opinion), a panel of our court found that we have no authority to review a sentence for a misdemeanor theft charge resulting from a plea agreement approved by the district court. 2022 WL 3132652, at *2. Here, there is no argument that the misdemeanor sentence imposed by the district court was illegal, and the record reflects that it followed the parties' plea agreement.

Wilson attempts to distinguish this case from *Ricker* because he violated the terms of the plea agreement before sentencing. But a review of the record reflects that although his violation of the plea agreement was discussed at the sentencing hearing, the State asked the district court to impose the sentences that the parties had agreed upon in the plea agreement. Specifically, the State requested that Wilson be ordered to "serve the standard number, those counts to run consecutive to one another." Further, we find nothing in the record to suggest that the State failed to fulfill its end of the bargain.

Likewise, we find that Wilson agreed to waive his right to appeal as part of his plea agreement with the State. In light of the agreement as to sentencing as well as

4

Wilson's waiver of the right to appeal, we conclude that we do not have appellate jurisdiction to review the sentence imposed by the district court. As a result, we find that it is appropriate to dismiss this appeal. At the same time, we pause to note that even if we did have appellate jurisdiction, we do not find that the district court abused its discretion in requiring Wilson to serve a consecutive six-month jail sentence on his criminal damage to property conviction. This is because the sentence imposed was not only consistent with the terms of the plea agreement under K.S.A. 21-6820(c)(2), but that it was also consistent with the authority granted to the district court under K.S.A. 21-6602(a)(2).

Appeal dismissed.